No. 98-651

IN THE SUPREME COURT OF THE STATE OF MONTANA

1999 MT 309

297 Mont. 212

994 P.2d 1090

THE ESTATE OF DENNIS McCARTHY, M.D.,

Petitioner,

v.

MONTANA SECOND JUDICIAL DISTRICT

COURT, SILVERBOW COUNTY, the Honorable

John W. Whelan, Presiding,

Respondent.

ORIGINAL PROCEEDING: Supervisory Control

COUNSEL OF RECORD:

For Petitioner:

Larry E. Riley, Lucy T. France (argued); Garlington, Lohn & Robinson,

Missoula, Montana

For Respondent:

Leonard J. Haxby (argued); Haxby & Somers, Butte, Montana


Argued: March 23, 1999

Submitted: March 25, 1999

Decided: December 9, 1999

Filed:


_____

Clerk


Justice Karla M. Gray delivered the Opinion of the Court.

¶1 This case originated in this Court on the application of the Estate of Dennis McCarthy, M.D.

(the Estate), for a writ of supervisory control seeking relief from the order of the Second Judicial

District Court, Silver Bow County, denying the Estate's motion for summary judgment. Having

accepted supervisory control and heard oral arguments, we reverse the order of the District Court

and remand for entry of summary judgment in the Estate's favor.

¶2 The issue before us is whether the District Court erred in concluding that § 27-2-205(2),

MCA, is unconstitutional as applied in this case.

## BACKGROUND

¶3 Richard Best (Best) was born prematurely on August 20, 1974. Dr. Dennis McCarthy

(McCarthy) placed an umbilical vein catheter in Best shortly after his birth. Best subsequently

developed liver problems.

¶4 On August 15, 1995, Best filed a complaint against the Estate alleging that McCarthy placed the umbilical catheter--and injected fluids--into Best's hepatic vein, thereby causing severe damage to his liver. The complaint further alleged that McCarthy's actions, as well as his underlying diagnosis, were negligent, constituted medical malpractice and resulted in injuries for which Best requested a variety of damages.

¶5 The Estate moved for summary judgment, asserting that Best's complaint was barred by the statute of limitations set forth in § 27-2-205(2), MCA. Best responded that the statute of limitations was unconstitutional because it violated his right to access to the courts guaranteed by Article II, § 16 of the Montana Constitution and his right to equal protection of the laws guaranteed by Article II, § 4 of the Montana Constitution. The District Court concluded that the statute, as applied to Best, violated his constitutional rights both to access to the courts and to equal protection of the laws, and denied the Estate's motion. The Estate subsequently petitioned for a writ of supervisory control, asserting that the District Court erred in concluding the statute was unconstitutional and in denying its motion for summary judgment on that basis.

## STANDARD OF REVIEW

¶6 We review a district court's ruling on a summary judgment motion de novo, using the same Rule 56, M.R.Civ.P., criteria applied by that court. Ross v. City of Great Falls, 1998 MT 276, ¶ 9, 291 Mont. 377, ¶ 9, 967 P.2d 1103, ¶ 9. Typically, our review of a summary judgment ruling entails a determination of whether the party moving for summary judgment established the absence of genuine issues of material fact and entitlement to judgment as a matter of law. Ross, ¶ 10; Rule

56, M.R.Civ.P. Here, however, the parties do not dispute the material facts and, consequently, we review only whether the Estate was entitled to judgment as a matter of law. See, Ross, ¶ 10. The District Court's determination that the Estate was not entitled to judgment as a matter of law was based on its conclusion that the statute at issue violated Best's constitutional rights. Where the resolution of an issue involves questions of constitutional law, we review a district court's interpretation of the law to determine whether it is correct. See Connell v. State, Dept. of Social Services (1997), 280 Mont. 491, 494, 930 P.2d 88, 90.

DISCUSSION

¶7 Did the District Court err in concluding that § 27-2-205(2), MCA, is unconstitutional as applied in this case?

¶8 The Estate moved the District Court for summary judgment on the basis that, under the plain language of § 27-2-205(2), MCA, Best's complaint alleging medical malpractice was not timely filed and his action is barred. The District Court denied the motion and the Estate asserts that the District Court erred. As stated above, the party moving for summary judgment has the burden of establishing entitlement to judgment as a matter of law. A brief discussion of the evolution of Montana's medical malpractice statute of limitations insofar as it pertains to the present case will provide a helpful backdrop to our review of whether the Estate met its burden here.

¶9 At the time of Best's alleged injury in 1974, the applicable statute of limitations for a medical malpractice claim provided, in pertinent part, that an

[a]ction for injury or death against a physician or surgeon . . . based upon such person's alleged

professional negligence . . . or for error or omission in such person's practice, shall be commenced within three (3) years after the date of injury or three (3) years after the plaintiff discovers, or through the use of reasonable diligence should have discovered, the injury whichever occurs last, but in no case may such action be commenced after five (5) years from the date of injury. Section 93-2624, R.C.M. (1947). Furthermore, § 93-2703, R.C.M. (1947), provided that, if a person entitled to bring an action was a minor at the time the cause of action accrued, the applicable statute of limitations would be tolled during the period of minority. Consequently, because Best was a minor at the time of his alleged injury, the three-year statute of limitations for his medical malpractice action would have been tolled until he reached majority. The above statutes subsequently were recodified at §§ 27-2-205 and 27-2-401, MCA, respectively.

¶10 In 1987, the Montana Legislature amended § 27-2-205, MCA, by adding the following provision:

Notwithstanding the provisions of 27-2-401, in an action for death or injury of a minor who was under the age of 4 on the date of his injury, the period of limitations in [a medical malpractice action] begins to run when the minor reaches his eighth birthday or dies, whichever occurs first, and the time for commencement of the action is tolled during any period during which the minor does not reside with a parent or guardian.

Section 27-2-205(2), MCA (1987). In enacting this subsection, the Legislature expressly provided for its retroactive application:

(1) An action referred to in 27-2-205(2) for injury or death occurring prior to October 1, 1987, must be commenced within 2 years after the effective date of this act or within the time limits in

27-2-205(2), whichever expires last.

(2) This act applies retroactively, within the meaning of 1-2-109, to causes of action that arose prior to October 1, 1987

1987 Mont. Laws Ch. 499, Sec. 2.

¶11 It is undisputed that Best was under the age of four at the time of his alleged injury, the injury occurred prior to October 1, 1987, and Best was 13 years old when the 1987 amendment to the medical malpractice statute of limitations took effect. Thus, pursuant to the amended statute, Best was required to bring his medical malpractice action within two years after October 1, 1987, in other words, no later than October 1, 1989. He did not file his complaint until August 15, 1995. Therefore, it appears--and, indeed, Best concedes--that the statute of limitations in § 27-2-205(2), MCA, bars Best's cause of action, entitling the Estate to summary judgment on that basis.

¶12 In response to the Estate's motion, however, Best asserted--and the District Court agreed--that application of § 27-2-205(2), MCA, in this case would violate his constitutional rights to access to the courts and equal protection of the laws. Before addressing the court's conclusion that § 27-2-205(2), MCA, is unconstitutional on those grounds, we briefly set forth the principles which guide us in reviewing the constitutionality of statutes.

¶13 Statutes are presumed to be constitutional. Davis v. Union Pacific R. Co. (1997), 282 Mont. 233, 239, 937 P.2d 27, 30 (citation omitted). Consequently, a party challenging the constitutionality of a statute bears the heavy burden of proving it to be unconstitutional beyond a

reasonable doubt. Davis, 282 Mont. at 239, 937 P.2d at 30. " 'The question of constitutionality is not whether it is possible to condemn, but whether it is possible to uphold the legislative action . . . .' " Davis, 282 Mont. at 240, 937 P.2d at 31 (quoting Fallon County v. State (1988), 231 Mont. 443, 445-46, 753 P.2d 338, 340). Consequently, every possible presumption must be taken in favor of the statute's constitutionality. Davis, 282 Mont. at 240, 937 P.2d at 31. With these principles in mind, we address Best's arguments regarding access to the courts and equal protection in turn.

A. Access to the Courts

¶14 Article II, § 16 of the Montana Constitution provides, in pertinent part, that

[c]ourts of justice shall be open to every person, and speedy remedy afforded for every injury of person, property, or character.

Best contends that this provision guarantees the right to access to the courts and that § 27-2-205(2), MCA, infringes on that right by requiring certain minors with medical malpractice causes of action to file their actions before they reach majority. He asserts that, under Montana law, a minor may not bring an action on his or her own behalf, but rather must have a parent, guardian or guardian ad litem file the action on the minor's behalf. Thus, according to Best, if a parent or guardian fails to timely preserve the minor's cause of action, the minor has no way of accessing the courts on his or her own behalf before being barred by the statute of limitations.

¶15 A determination regarding the constitutionality of a statute begins with an analysis of the particular rights involved and the corresponding level of scrutiny to apply to the legislation.

Wadsworth v. State (1996), 275 Mont. 287, 302, 911 P.2d 1165, 1173. We review the constitutionality of statutes under one of three recognized levels of scrutiny--strict scrutiny, middle-tier scrutiny and the rational basis test. Davis, 282 Mont. at 241-42, 937 P.2d at 31-32. Strict scrutiny is the most stringent standard and it is applied when the challenged legislation infringes on a fundamental right or discriminates against a suspect class. Davis, 282 Mont. at 241, 937 P.2d at 31. Middle-tier scrutiny is used only in limited circumstances where the right at issue has some origin in the Montana Constitution but is not a fundamental right. Davis, 282 Mont. at 241, 937 P.2d at 31. Finally, the rational basis test is applied when the right under examination is not fundamental and does not warrant middle-tier scrutiny. Davis, 282 Mont. at 241-42, 937 P.2d at 32.

¶16 Best concedes that the rational basis test applies here. A statute is constitutional under the rational basis test if the objective of the statute is legitimate and bears a rational relationship to the classification used by the legislature. Davis, 282 Mont. at 242, 937 P.2d at 32 (citation omitted).

¶17 According to the legislative history, the Montana Legislature amended § 27-2-205(2), MCA, in 1987 to address concerns regarding escalating medical malpractice insurance premiums and corresponding increases in the cost of medical care. See Hearings on H.B. 344 Before the Senate Judiciary Committee, 50th Legislature (1987). The purpose of the amendment was to shorten the limitation period for the medical malpractice actions of certain minors to allow for more certainty and predictability in the assessment of risk by insurance providers. Hearings on H.B. 344 Before the Senate Judiciary Committee, 50th Legislature, Ex. No. 4, Pt. A (Mar. 18, 1987). Under the prior statute of limitations and the provision tolling the limitations period for minors until

they reach majority, health care providers and their insurers potentially could be at risk for lawsuits resulting from injuries incurred during infancy for nearly 20 years. As a result of this extended period of exposure, insurance carriers charged increasingly high premiums in order to generate sufficient reserves to guarantee that any liability from such lawsuits could be covered. Hearings on H.B. 344 Before the Senate Judiciary Committee, 50th Legislature, Ex. No. 4, Pt. C (Mar. 18, 1987). This escalation in insurance rates, in turn, resulted in health care providers either increasing the costs of medical services or ceasing to provide certain services. Hearings on H.B. 344 Before the Senate Judiciary Committee, 50th Legislature, Ex. B (Feb. 9, 1987).

¶18 The Legislature responded to these concerns by amending the medical malpractice statute of limitations for certain situations. It tailored the amendment to affect only actions for injuries incurred between birth and age four, which was considered the age range most affecting the costs of insurance coverage. Hearings on H.B. 344 Before the Senate Judiciary Committee, 50th Legislature, Ex. No. 4, Pt. A (Mar. 18, 1987). Furthermore, the Legislature provided that the limitations period for those minors be tolled until the age of eight, as proponents of the amendment testified that most injuries incurred by minors under the age of four are discovered by the time the minor reaches the age of eight. Hearings on H.B. 344 Before the Senate Judiciary Committee, 50th Legislature, p. 2 (Mar. 18, 1987). Thus, the amendment reduced the length of potential liability exposure for such injuries while still providing a sufficient period of time for most injuries to be discovered and acted upon.

¶19 Ensuring the availability and affordability of health care services, as well as reducing the costs

of medical malpractice insurance, are legitimate legislative objectives. See, e.g., Linder v. Smith (1981), 193 Mont. 20, 26, 629 P.2d 1187, 1190. Furthermore, the classification created by the Legislature--minors injured between birth and age four--is narrowly defined to affect only those minors whose injuries raise the greatest concerns regarding extended liability exposure for medical malpractice. We conclude that the classification of minors in § 27-2-205(2), MCA, is rationally related to a legitimate legislative objective and, therefore, passes the rational basis test.

¶20 In support of his argument that § 27-2-205(2), MCA, violates Article II, § 16 of the Montana Constitution, Best relies on several cases from other jurisdictions holding that similar medical malpractice statutes of limitation pertaining to minors violated state constitutional access to court provisions. See Strahler v. St. Luke's Hosp. (Mo. 1986), 706 S.W.2d 7; Barrio v. San Manuel Div. Hosp., Magma Copper (Ariz. 1984), 692 P.2d 280; Sax v. Votteler (Tex. 1983), 648 S.W.2d 661. We observe, however, that the constitutionality of the statute of limitation at issue in these cases was not reviewed under the rational basis test.

¶21 In Strahler, the Missouri Supreme Court held that, although the legislative purpose of the statute was legitimate, that purpose did not justify the severe interference on minors' access to the courts; the statute was arbitrary, unreasonable and unduly burdensome. Strahler, 706 S.W.2d at 11-12. The Arizona Supreme Court expressly refused to apply the rational basis test in reviewing the state's medical malpractice statute of limitations because the open courts provision in Arizona's constitution contains an express and fundamental right to recover damages for negligence. Barrio, 692 P.2d at 283. Finally, in Sax, the Texas Supreme Court held that, to

establish the statute of limitations did not impermissibly infringe on a minor's rights under the state's open courts constitutional provision, the state must show that the legislative basis for the statute outweighed the denial of the constitutional right. Sax, 648 S.W.2d at 665-66. In contrast, the rational basis test applicable to our review of Montana's statute requires only that the classification created by the statute bear a rational relationship to a legitimate legislative purpose. Therefore, the cases cited by Best holding similar medical malpractice statutes of limitation unconstitutional under more stringent standards of review are not persuasive.

¶22 We conclude that § 27-2-205(2), MCA, does not violate Article II, § 16 of the Montana Constitution.

B. Equal Protection

¶23 The District Court also concluded that § 27-2-205(2), MCA, violates Best's right to equal protection of the laws guaranteed by Article II, § 4 of the Montana Constitution, because it treats minors with a cause of action for medical malpractice differently than minors with causes of action for other torts by not allowing the statute of limitations to be tolled during the period of minority. Again, Best concedes that the appropriate level of scrutiny for an equal protection analysis in this case is the rational basis test. He argues that the District Court correctly determined that there is no rational relationship between the classification created by the statute and the legislative goal. We concluded above, however, that the classification of minors with medical malpractice causes of action for injuries incurred between birth and age four is rationally related to the Legislature's legitimate objective of reducing health care costs and malpractice insurance premiums.

¶24 In urging us to conclude that § 27-2-205(2), MCA, violates equal protection under the

rational basis test, Best again cites several cases from other jurisdictions which have held that similar statutes of limitations violate minors' rights to equal protection of the laws. See Carson v. Maurer (N.H. 1980), 424 A.2d 825; Schwan v. Riverside Methodist Hosp. (Ohio 1983), 452 N.E.2d 1337; Lyons v. Lederle Laboratories (S.D. 1989), 440 N.W.2d 769; Torres v. County of Los Angeles (Cal. App. 1989), 257 Cal. Rptr. 211. These cases, however, do not support his argument. Carson, for example, is inapplicable here because the New Hampshire Supreme Court expressly refused to apply the rational basis test and applied a more stringent middle-tier scrutiny in holding that the statute of limitations at issue violated minors' rights to equal protection. Carson, 424 A.2d at 830-31.

¶25 In Lyons, the South Dakota Supreme Court applied the rational basis test and held that, although the medical malpractice crisis provided the state legislature with a legitimate objective in enacting the statute of limitations at issue, the classification of minors of certain age within the statute was not rationally related to that objective. Lyons, 440 N.W.2d at 771-72. Specifically, the court stated that it "fail[ed] to perceive any rational basis for assuming that medical malpractice claims will diminish simply by requiring that suits be instituted at an earlier date." Lyons, 440 N.W.2d at 771. Thus, the Lyons court perceived that the legislative objective in enacting the statute of limitations as it pertained to minors was to reduce the number of medical malpractice cases filed by plaintiffs who were minors at the time of their injury. This is not the same objective sought by the Montana Legislature in amending § 27-2-205(2), MCA.

¶26 As discussed above, the Montana Legislature sought to reduce the costs of medical

malpractice insurance by reducing the time period in which certain actions must be filed, thereby reducing the uncertainty of potential future losses which had increased insurance premiums. See Hearings on H.B. 344 Before the Senate Judiciary Committee, 50th Legislature, (1987). Thus, the objective was to provide for more certainty in risk assessment rather than to reduce the overall number of claims. Indeed, the Legislature attempted to preserve as many claims as possible by pinpointing only those injuries incurred between birth and age four and allowing those minors until the age of eight to file actions because most of these causes of action are discovered within that time frame. Lyons is distinguishable on this basis.

¶27 In Schwan, the Ohio Supreme Court also held a similar statute of limitations violated equal protection, concluding under the rational basis test that the classification of minors under the age of ten was not sufficiently related to the objective of the statute and that "it is the age of majority which establishes the only rational distinction." Schwan, 452 N.E.2d at 1339. However, the court provided no discussion of the statute's legislative history and virtually no analysis of why the statute failed the rational basis test. In light of its limited rationale, Schwan simply is not persuasive.

¶28 Finally, in Torres, the California Court of Appeals held that a statute which provided that the limitations period on a minor's medical malpractice action began to run from the date of the alleged wrongful act, while the limitations period for adults began to run from the date--or the discovery--of the resulting injury, violated minors' rights to equal protection of the laws. Torres, 257 Cal. Rptr. at 217. The Torres court did not address the issue before us here--namely,

whether a statute providing that a limitations period could run during the time a plaintiff is a minor violates equal protection--and, as a result, Torres is inapplicable to the present case. Moreover, in a case addressing the issue raised here by Best, the California Court of Appeals held that a statute requiring a minor under the age of six to bring a medical malpractice action within three years or prior to his or her eighth birthday did not violate a minor's right to equal protection of the laws. See Kite by and through Black v. Campbell (Cal. App. 1983), 191 Cal. Rptr. 363, 366-67, overruled on other grounds by Young v. Haines, 718 P.2d 909 (Cal. 1986).

¶29 Best has presented no persuasive argument or authority supporting his contention that § 27-2-205(2), MCA, is not rationally related to a legitimate governmental objective and, therefore, he has not met his burden of establishing that the statute is unconstitutional beyond a reasonable doubt. See Davis, 282 Mont. at 239, 937 P.2d at 30. We conclude that § 27-2-205(2), MCA, does not violate Best's right to equal protection of the laws.

¶30 We hold that the District Court erred in concluding that § 27-2-205(2), MCA, is unconstitutional as applied in this case. Consequently, as discussed above, § 27-2-205(2), MCA, required Best to bring his medical malpractice action no later than October 1, 1989, and he did not file his complaint until August 15, 1995. As a result, the Estate is entitled to summary judgment on the basis that Best's cause of action is barred by the statute of limitations.

¶31 Reversed and remanded for entry of an order granting summary judgment to the Estate.

/S/ KARLA M. GRAY

We concur:

/S/ J. A. TURNAGE

/S/ JIM REGNIER

/S/ W. WILLIAM LEAPHART

/S/ JAMES C. NELSON

Justice William E. Hunt, Sr., dissenting.

¶32 The legislature amended § 27-2-205, MCA, in 1987, limiting minors' access to courts in medical malpractice cases in response to a perceived medical malpractice crisis in the State of Montana. The gist of this "crisis" was that Montana's insurance rate's were too high and there was supposedly an enormous increase in physicians carrying no insurance. The question the legislature's amendment raises is, if a minor has no standing to bring his own claim, and the statute of limitations runs before he attains the age of majority, when is he to bring a claim on his own behalf?

¶33 A statute limiting non-fundamental rights must pass the rational basis test, and I fail to see how a statute limiting minors from pursuing valid claims against potentially negligent medical professionals is reasonably related to the legislature's purported intent of reducing the cost of medical malpractice premiums.

¶34 I agree with the District Court that the result of the legislature's amendments is that § 27-2-205(2), MCA, violates equal protection as guaranteed by Article II, Section 4, of the Montana Constitution. The minor statute of limitations treats minor victims of medical negligence differently than adult victims of the same negligent act as well as treating them differently than minor victims of other torts. Sections 27-2-205, 401, MCA. Other jurisdictions have found that such

statutory provisions violate equal protection.

¶35 The South Dakota Supreme Court found that "an arbitrary classification of minors who have medical malpractice claims as opposed to minors with any other kind of tort claims" violated minors' constitutional rights because there was no "rational basis for assuming that medical malpractice claims will diminish simply by requiring that suits be instituted at an earlier date". Lyons v. Lederle Labs., (S.D. 1989) 440 N.W. 2d 769, 771.

¶36 The majority attempts to distinguish the Lyons decision on the basis that the intent of South Dakota's statute is different from Montana's. They assert that the intent behind the South Dakota law was to reduce the number of malpractice claims filed by plaintiffs who were minors at the time of their injury, while the Montana Legislature's intent was to "reduce the costs of medical malpractice insurance by reducing the time period in which certain actions must be filed, thereby reducing the uncertainty or potential future losses which had increased insurance premiums." Such a distinction is an act of hair splitting.

¶37 The overall intent of both statutes was to reduce the number of malpractice claims and therefore reduce the cost of malpractice insurance. There is no rational relationship for treating certain minors differently than other minors, or differently than adults in the same situation, as a means to lower malpractice insurance premiums. The discrimination is simply not rationally related to such a goal. The number of valid claims by minors barred by the statute seems hardly significant enough to reduce the overall cost of malpractice insurance.

¶38 The California Court of appeals struck down a statute similar to those of Montana and

South Dakota, stating:

[s]uch a classification 'must be reasonable, not arbitrary, and must rest upon some ground of difference having a fair and substantial relation to the object of the legislation, so that all persons similarly circumstanced shall be treated alike.'. . . The fact that such discrimination against minors would bar some meritorious claims and thereby reduce total malpractice liability is not enough to justify it. If claims are reduced in an arbitrary manner, the classification scheme denies equal protection of the law.

Torres v. County of Los Angeles (Cal.Ct.App. 1989), 257 Cal. Rptr. 211, 217 (citation omitted). Again, the majority attempts to distinguish the court's holding in Torres. They insist that the decision is not persuasive because Torres addressed a statute allowing the limitations period on a minor's medical malpractice claim to run from the date of the alleged wrongful act, while the limitations period for an adult ran from the date, or the discovery, of the injury. In contrast, the Montana statue allows the limitation period to run during the time a plaintiff is a minor. The difference is academic. Both statutes in question treat minors differently than adults in the same situation, namely when they are victims of medical malpractice, and therefore violate minors' rights to equal protection.

¶39 The District Court could find no rational basis for treating children differently under the statute of limitations and found the statute unconstitutional. I would hold the same.

/S/ WILLIAM E. HUNT, SR.

Justice Terry N. Trieweiler joins in the foregoing dissent.

/S/ TERRY N. TRIEWEILER