Nicole L. HOLT, Administratrix of the Estate of Andrew Corey Holt, and Nicole Holt, Individually, Appellant,

v.

Philip M. LENKO, M.D., Ronald Cypher, M.D., and Butler Memorial Hospital, Appellees.

Superior Court of Pennsylvania.

Argued Dec. 4, 2001.

Filed Feb. 6, 2002.

Lawrence M. Kelly, New Castle, for appellant.

Alan S. Baum, Pittsburgh, for appellees.

Before HUDOCK, MUSMANNO and TODD, JJ.

MUSMANNO, J.

¶ 1 Appellant Nicole L. Holt ("Holt") appeals from an Order granting the Motion for judgment on the pleadings, filed by Appellees Philip M. Lenko, M.D. ("Lenko"), Ronald Cypher, M.D. ("Cypher"), and Butler Memorial Hospital ("the Hospital") (collectively, "Defendants"). We affirm.

¶ 2 The pertinent facts of this case are as follows. On December 4, 1994, Holt, who was twenty-three weeks pregnant and in acute labor, was admitted to the Hospital. On December 5, 1994, Holt gave birth to a son, Andrew Corey Holt ("Andrew"). Andrew died later that day.

¶ 3 On October 29, 1999, Holt filed a Complaint, individually, and as the Administratrix of Andrew's estate, alleging that the Defendants were negligent in their treatment of her and Andrew, and that their negligence caused Andrew to suffer injuries and death. In the Complaint, Holt sought to recover damages pursuant to 42 Pa.C.S.A. § 8301 (relating to a wrongful death action) and § 8302 (relating to a survival action). Defendants Lenko and Cypher filed an Answer to the Complaint and New Matter, in which they alleged that the Complaint was filed after the two-year statute of limitations had expired. Holt then filed a Reply to Lenko and Cypher's New Matter, in which she denied that the statute of limitations had expired.

¶ 4 On July 13, 2000, the Defendants filed a Motion for judgment on the pleadings. In that Motion, the Defendants alleged that Holt's Complaint was filed almost five years after Andrew's death. The Defendants further alleged that, because the Complaint was filed more than two years after Andrew's death, Holt's causes of action under the wrongful death and survival statutes were barred by the two-year statute of limitations. *See* 42 Pa. C.S.A. § 5524(2) (stating that a two-year statute of limitations applies to an action to recover damages for injuries or death to a person resulting from the wrongful act or negligence of another). Holt filed an Answer to the Defendants' Motion for judgment on the pleadings, alleging that the survival and wrongful death claims set forth in her Complaint were not barred by the statute of limitations.

¶ 5 On January 24, 2001, the trial court granted the Defendants' Motion, and dismissed Holt's Complaint. Holt then filed this timely appeal, in which she raises one issue: whether the minority tolling statute, 42 Pa.C.S.A. § 5533(b), tolls the statute of limitations as it relates to the survival action, until two years after the date on

which Andrew would have attained the age of eighteen.

■■■ ¶ 6 Our standard of review of a grant or denial of a motion for judgment on the pleadings is as follows:

> We must accept as true all well pleaded statements of fact of the party against whom the motion is granted and consider against him only those facts that he specifically admits. We will affirm the grant of such a motion only when the moving party's right to succeed is certain and the case is so free from doubt that the trial would clearly be a fruitless exercise.

*Ritchey v. Patt,* 431 Pa.Super. 219, 636 A.2d 208, 210 (1994).

■■ ¶ 7 On appeal, Holt concedes that the trial court properly granted Defendants' Motion for judgment on the pleadings with regard to her wrongful death claim. She argues, however, that an exception to the two-year statute of limitations applies to the survival action. Specifically, Holt asserts that the minority tolling statute, 42 Pa.C.S.A. § 5533(b), tolls the running of the statute of limitations as to the survival action. The minority tolling statute provides as follows:

> **(b) Infancy.**—If an individual entitled to bring a civil action is an unemancipated minor at the time the cause of action accrues, the period of minority shall not be deemed a portion of the time period within which the action must be commenced. Such person shall have the same time for commencing an action after attaining majority as is allowed to others by the provisions of this subchapter. As used in the subsection the term "minor" shall mean any individual who has not yet attained the age of 18.

42 Pa.C.S.A. § 5533(b).

■■■ ¶ 8 When interpreting a statute, the court must begin with the plain meaning of the language used in the statute. *Ludmer v. Nernberg,* 699 A.2d 764 (Pa.Su-

per.1997). The object of all statutory interpretation is to ascertain and effectuate the intent of the Pennsylvania General Assembly. *Juniata Valley Bank v. Martin Oil Co.,* 736 A.2d 650 (Pa.Super.1999).

■■ ¶ 9 This Court has held that the minority tolling statute "addresses situations in which a minor has no parent or guardian to bring suit on [his/her] behalf, or whose parent or guardian may, for any number of perfectly valid reasons, be unwilling or unable to do so.…" *Robinson v. Pennsylvania Hospital,* 737 A.2d 291, 294 (Pa.Super.1999). "[M]inors .… require protection until able to make the decision of whether to pursue [a cause of action]." *Id.*

¶ 10 Construing the minority tolling statute in accordance with the plain meaning of its language, and the intent of the legislature, we conclude that the statute contemplates a minor plaintiff who is alive, but whose parent or guardian fails, for some reason, to bring suit on the minor's behalf prior to the minor's eighteenth birthday. There is nothing in the statutory language that would indicate that the legislature intended that the minority tolling statute would be available to a deceased minor plaintiff.

¶ 11 We find support for our conclusion in case law interpreting a minority tolling statute in the state of Wisconsin. In *Awve v. Physicians Insurance Co. of Wisconsin, Inc.,* 181 Wis.2d 815, 512 N.W.2d 216 (Ct. App.1994), Zachary Martz was born prematurely on May 1, 1988, and remained in the hospital, in critical condition, until his death on December 23, 1988. On May 7, 1992, Zachary's parents and Zachary's estate filed wrongful death and survival actions, sounding in medical malpractice, against the mother's physician, Dr. Indira Mammen ("Mammen"). Mammen moved for dismissal of the actions on the basis that the actions were barred because the

applicable three-year statute of limitations had run. *Id.* at 218. The trial court granted summary judgment in favor of Mammen with regard to both causes of action. *Id.*

¶ 12 On appeal, the parents, as representatives of Zachary's estate, contended that the estate had ten years to file a survival action on Zachary's behalf. *Id.* The parents based their argument on a Wisconsin statute, which provided that a cause of action, for personal injuries, must be filed against a health care provider within three years, or "by the time [the injured person] reaches the age of 10 years, whichever is later." Wis.Stat. § 893.56. The Wisconsin Court of Appeals rejected the parents' argument, holding as follows:

> [T]he relevant language in sec. 893.56, Stats., "by the time that person reaches the age of 10 years," is unambiguous. This is because to reach the age of ten years, a minor must be living.... The interpretation the parents suggest is not reasonable given the plain meaning of this statutory language. We hold that sec. 893.56 unambiguously provides a time limitation applicable only to living minors.

*Awve*, 512 N.W.2d at 218–19.

¶ 13 Although the language of the Pennsylvania minority tolling statute, 42 Pa. C.S.A. § 5533(b), differs from that set forth in the Wisconsin statute, both statutes clearly refer to a living minor. As stated in section 5533(b), an unemancipated minor "shall have the same time for commencing an action **after attaining majority** as is allowed to others by the provisions of this subchapter." *Id.* (emphasis added). In addition, "the term 'minor' [as used in section 5533(b)] shall mean any individual **who has not yet attained** the age of 18." *Id.* (emphasis added). The clear import of the above language is that section 5533(b), like the Wisconsin statute, applies to minors who are living. In this case, Andrew will never attain the age of majority, as required by section 5533(b). Thus, section 5533(b) does not apply to the survival action filed on his behalf.

¶ 14 The Pennsylvania survival statute provides that "[a]ll causes of action or proceedings, real or personal, shall survive the death of the plaintiff...." 42 Pa. C.S.A. § 8302. In such a case, a survival action may be brought by the administrator of the decedent's estate to recover the loss to the estate resulting from the tort. *Kiser v. Schulte*, 538 Pa. 219, 226, 648 A.2d 1, 4 (1994). In the present case, Holt, the administratrix of Andrew's estate, brought a survival action on Andrew's behalf.

¶ 15 In a survival action, the statute of limitations begins to run on the date of the injury, as though the decedent were bringing his or her own lawsuit. *Moyer v. Rubright*, 438 Pa.Super. 154, 651 A.2d 1139, 1141 (1994). In this case, Andrew's cause of action accrued on December 5, 1994, the date that he was born prematurely and died. It is obvious from the facts of this case that Holt, Andrew's mother, has been aware of the injuries to her son since that date. As we have held, the minority tolling statute does not apply in this case. Thus, Holt had two years from the date of Andrew's death in which to file a survival action. The Complaint herein was not filed until more than two years after Andrew's death. Therefore, the trial court did not err in dismissing Holt's Complaint on the basis of the statute of limitations.

¶ 16 Order affirmed.