JUSTICE LEAPHART,
dissenting in part and concurring in part.
¶49 I dissent as to Issue 1 and concur as to Issues 2, 3, and 4.
¶50 The plain meaning of the phrase “time of the disability” reasonably could be interpreted to encompass the time between when a minor dies and when the minor would have reached the age of majority. The phrase also reasonably could be interpreted to include only the time that the minor remains alive. I conclude that the phrase “time of the disability” is ambiguous regarding the effect of a minor’s death. We must look beyond the plain language of the statute, therefore, to ascertain the Legislature’s intent. Mont, for Justice v. State ex rel. McGrath, 2006 MT 277, ¶ 60, 334 Mont. 237, ¶ 60, 146 P.3d 759, ¶ 60.
¶51 We must determine the Legislature’s intent with respect to the “time of the disability” as contained in § 27-2-401(1), MCA. The Runstroms argue that the structure of §§ 27-2-205 and 27-2-401, MCA, supports their interpretation of the phrase “time of the disability.” The Runstroms correctly point out that this Court previously has interpreted ambiguous language in a statute based on the statutory structure in which the language operates. See e.g., Strzelczyk v. Jett, 264 Mont. 153, 157, 870 P.2d 730, 732-33 (1994).
¶52 Sections 27-2-205 and 27-2-401, MCA, operate together to provide the statute of limitations on medical malpractice claims brought on behalf of minors. Section 27-2-205(1), MCA, provides that a plaintiff must file a medical malpractice claim within three years of the date of the injury or within three years after the plaintiff reasonably should have discovered the injury. Before 1987, § 27-2-401, MCA, tolled this three-year statute of limitations for any minor until that minor reached the age of majority. Estate of McCarthy v. Second Judicial Dist., 1999 MT 309, ¶ 9, 297 Mont. 212, ¶ 9, 994 P.2d 1090, ¶ 9.
¶53 The Legislature in 1987 limited minority tolling for minors injured while under the age of four, however, when it added subsection (2) to § 27-2-205, MCA. Estate of McCarthy, ¶ 10. Section 27-2-205(2), *327 MCA, provides that “in an action for death or injury of a minor who was under the age of 4 on the date of the minor’s injury, the period of limitations in subsection (1) begins to run when the minor reaches the minor’s eighth birthday or dies, whichever occurs first....” (Emphasis added.) The Legislature intended § 27-2-205(2), MCA, to limit the minority tolling provision in § 27-2-401(1), MCA, in order to “address concerns regarding escalating medical malpractice insurance premiums and corresponding increases in the cost of medical care.” Estate of McCarthy, ¶ 17.
¶54 The Runstroms argue that we must interpret the malpractice statutes in a manner that gives effect to all provisions. In particular, they cite to the requirement in § 1-2-101, MCA, that when a statutory scheme has several provisions, a construction is to be adopted which will, if possible, give effect to all. The Runstroms point to the fact that the Legislature included the “or dies” provision in § 27-2-205(2), MCA, when it amended the statute in 1987.
¶55 The “or dies” provision represents one contingency that triggers the running of the period of limitation for a minor injured while under the age of four. Section 27-2-205(2), MCA. The minor’s eighth birthday represents the other possible trigger. Section 27-2-205(2), MCA. The Runstroms contend that the Legislature’s inclusion of the “or dies” provision in subsection (2) would have been unnecessary if the “time of the disability” in § 27-2-401(1), MCA, automatically ended upon the death of a minor. They argue that this interpretation of “time of the disability” would render superfluous the phrase “or dies” in § 27-2-205(2), MCA.
¶56 Dr. Allen contends that the Runstroms “ignore[] critical differences in how [§§ 27-2-205(2), and 27-2-401(1), MCA] work.” He explains that § 27-2-205(2), MCA, by its plain language, tolls the statute of limitations until “a fixed date (the child’s eighth birthday) on which tolling will end.” He asserts that the plain language of § 27-2-205(2), MCA, would toll the statute of limitations until the “fixed date” at which the child would have turned eight absent language to the contrary. He suggests that the Legislature included the “or dies” provision in order to prevent the statute from continuing to toll until the “fixed date” when the minor would have turned eight.
¶57 Dr. Allen contends that § 27-2-401(1), MCA, to the contrary, provides for tolling “only ‘until the plaintiff is no longer disabled.’” He argues that the plain language of § 27-2-401(1), MCA, would not toll the statute of limitations after the child’s death in light of the fact that the phrase “time of the disability” ends upon a minor’s death by its *328 plain language. Thus, he contends that the Legislature had no reason to include a similar “or dies” provision in § 27-2-401(1), MCA.
¶58 Dr. Allen’s proposed interpretation of the two statutes contradicts itself. He argues on the one hand that “time of the disability” in § 27-2-401(1), MCA, cannot continue after death. He argues, on the other hand, that “the minor’s eighth birthday” in § 27-2-205(2), MCA, can occur after death. Dr. Allen attempts to explain away this contradiction by focusing on the fact that a “minor’s eighth birthday” represents a fixed date, while “time of the disability” does not represent a fixed date. His distinction fails. The date at which the disability of minority normally ends-i.e. 18-and the date at which a minor will reach the age of eight, equally will be fixed for any particular child regardless of the fact that the Legislature expresses one age as a number and another age as a legal status.
¶59 I conclude that the structure of the applicable statute of limitations indicates that the phrase “time of the disability” encompasses the time between the death of a minor and when that minor would have reached the age of majority. The Legislature limited the minority tolling provision so that it would end the “time of the disability” when a minor injured while under the age of four reaches the age of eight, or dies. The Legislature would have had no reason to specify in § 27-2-205(2), MCA, that tolling would end upon the death of the minor, had the phrase “time of the disability,” in § 27-2-401(1), MCA, already ended upon the death of the minor pursuant to its plain language.
¶60 Dr. Allen argues that this interpretation conflicts with other courts’ interpretations of analogous statutes. He points specifically to Holt v. Lenko, 791 A.2d 1212 (Pa. Super. 2002), where a mother argued that Pennsylvania’s minority tolling statute tolled the statute of limitations on her survival action until two years after her son would have turned 18. Holt, ¶ 7. The statute at issue provided that if the “individual entitled to bring a civil action is an unemancipated minor at the time the cause of action accrues, the period of minority shall not be deemed a portion of the time period within which the action must be commenced.” Holt, ¶ 7. The Pennsylvania court concluded that this language did not toll the statute of limitations beyond the death of the minor. Holt, ¶ 10. The court reasoned that “[tjhere is nothing in the statutory language that would indicate that the legislature intended that the minority tolling statute would be available to a deceased minor plaintiff.” Holt, ¶ 10.
*329 ¶61 Dr. Allen fails to note, however, that § 27-2-205(2), MCA, unlike the statute in Holt, indicates that the Montana Legislature intended that our minority tolling statute would be available to a deceased minor. The “or dies” provision specifies that death ends minority tolling for a specific subclass of minors. This interpretation gives effect to this provision, while Dr. Allen’s interpretation would render it superfluous. Dr. Allen fails to draw our attention to any other court that has reconciled similar provisions in a contrary manner. I conclude that the minority tolling statute at § 27-2-401(1), MCA, tolls the three-year statute of limitation on the Runstroms’ survival claim until the date at which Richard would have reached the age of majority.
¶62 I concur with the result on Issue 2, but for different reasons. We interpret statutes of limitations according to their plain language. Wing v. State ex. rel. Dept, of Transp., 2007 MT 72, ¶ 13, 336 Mont. 423, ¶ 13, 155 P.3d 1224, ¶ 13. The plain language of § 27-2-401(1), MCA, tolls the statute of limitations only for a minor who seeks to file a claim as “a person entitled to bring an action... at the time the cause of action accrues ....” The Runstroms are the party entitled to bring a wrongful death claim. The Runstroms do not allege that they were minors at the time their action for wrongful death accrued. Section 27-2-401(1), MCA, provides the Runstroms with no relief from the three-year statute of limitations in § 27-2-205(1), MCA. I conclude that the District Court correctly determined that § 27-2-401(1), MCA, does not toll the three-year statute of limitations in § 27-2-205(1), MCA, on the Runstroms’ wrongful death claim.
JUSTICE NELSON joins in the dissent and concurrence of JUSTICE LEAPHART.