IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

Fall 2025 Term

**FILED**

**November 12, 2025**

released at 3:00 p.m.
ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

_____

No. 25-ICA-72

_____

ADRIAN OSBORNE,
Plaintiff Below, Petitioner,

v.

KEVIN MACE, M.D., MONTANA BOYCE, R.N., UNITED HOSPITAL CENTER,
INC., AND WEST VIRGINIA UNIVERSITY BOARD OF GOVERNORS,
Defendants Below, Respondents.

_____

Appeal from the Circuit Court of Harrison County

Honorable D. Andrew McMunn, Circuit Judge

Civil Action No.: CC-17-2024-C-231

AFFIRMED

_____

Submitted: October 21, 2025

Filed: November 12, 2025

Michael D. Crim, Esq.
Clarksburg, West Virginia
Counsel for Petitioner

Chelsea V. Brown, Esq.
Morgantown, West Virginia
Blair E. Wessels, Esq.
Charleston, West Virginia
Counsel for Respondents West
Virginia University Board of Governors, and
Kevin Mace, M.D.

Lauren T. Krupica, Esq.
Joshua K. Boggs, Esq.
Morgantown, West Virginia
Counsel for Respondents
United Hospital Center, Inc., and
Montana Boyce, R.N.

JUDGE GREEAR delivered the Opinion of the Court.

JUDGE WHITE concurs and reserves the right to file a separate opinion.

GREEAR, Judge:

Adrian Osborne appeals the January 31, 2025, order from the Circuit Court of Harrison County granting the Respondents West Virginia University Board of Governors ("WVBOG"), Kevin Mace, M.D. ("Dr. Mace"), Montana Boyce, R.N. ("Nurse Boyce") and United Hospital Center, Inc.'s ("UHC") (collectively "respondents") motions to dismiss, respectively. On appeal, Mr. Osborne argues the circuit court erred when it dismissed the complaint which was timely filed within two years of Mr. Osborne reaching the age of eighteen as provided for in West Virginia Code § 55-2-15 (2020). Further, Mr. Osborne asserts the circuit court erred when it failed to conclude that West Virginia Code § 55-7B-4 (2022) violated the equal protection clause of the West Virginia Constitution as applied to minors, effectively denying him the application of the tolling provisions provided by West Virginia Code § 55-2-15. Based on our review of this matter, we find no error in the circuit court's decision to dismiss Mr. Osborne's complaint. Accordingly, we affirm the circuit court order of January 31, 2025.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On August 31, 2021, Mr. Osborne sought emergency medical treatment at UHC due to an injury of his lower right leg sustained while playing high school soccer. At the time of his injury, Mr. Osborne was a sixteen-year-old minor. Dr. Mace was Mr. Osborne's attending physician who provided care and treatment at UHC. After reviewing the x-ray of Mr. Osborne's leg, Dr. Mace determined that Mr. Osborne had fractures in his tibia and fibula. At the time, Dr. Mace noted calf tenderness in Mr. Osborne's leg, but also

found that his compartments were not tense. After a consultation with Joseph Fazalare, M.D. ("Dr. Fazalare"), an orthopedic surgeon, Dr. Mace ordered splinting of Mr. Osborne's lower right leg. Pursuant to Dr. Mace's orders, Nurse Boyce applied an orthoglass splint to Mr. Osborne's lower right leg.

On September 2, 2021, at a follow up appointment, Mr. Osborne was diagnosed by Dr. Fazalare, in consultation with a vascular surgeon, as having compartment syndrome and underwent an emergency four-compartment fasciotomy of his lower right leg. As a result of the surgery, Mr. Osborne required skin grafting surgery and ultimately had to have the right tibia fracture repaired. Mr. Osborne continues to undergo treatment to regain use of his lower right leg.

In September of 2022, Mr. Osborne turned eighteen years of age. On June 20, 2024, Mr. Osborne served the respondents with a notice of claim and certificate of merit. On September 6, 2024, Mr. Osborne served the respondents with an amended certificate of merit. On September 12, 2024, Mr. Osborne filed a complaint pursuant to the West Virginia Medical Professional Liability Act ("MPLA") in the Circuit Court of Harrison County alleging negligence against Dr. Mace, Nurse Boyce, and UHC. On October 10, 2024, Respondents WVBOG and Dr. Mace filed a motion to dismiss. On that same day, Respondents UHC and Nurse Boyce filed a motion to dismiss. Respondents argued that Mr. Osborne filed his complaint after the expiration of the statute of limitations.

On January 31, 2025, the circuit court granted the respondents' motions to dismiss. It is from this order Mr. Osborne now appeals.

## II. STANDARD OF REVIEW

"Appellate review of a circuit court's order granting a motion to dismiss a complaint is *de novo*." Syl. Pt. 2, *State ex rel. McGraw v. Scott Runyan Pontiac-Buick, Inc.*, 194 W. Va. 770, 461 S.E.2d 516 (1995). At the motion to dismiss stage, complaints are to be read liberally as required by the notice pleading standard underlying the West Virginia Rules of Civil Procedure, and the circuit court, "in appraising the sufficiency of a complaint on a Rule 12(b)(6) motion, should not dismiss the complaint unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Atkinson v. NCI Nursing Corps.*, 249 W. Va. 443, 447, 895 S.E.2d 846, 850 (Ct. App. 2023) (internal citations omitted). Although entitlement to relief must be shown, a plaintiff is not required to set out facts upon which the claim is based; however, a claim cannot be permitted to continue if such claim is not authorized under West Virginia law. *Scott Runyan Pontiac-Buick, Inc.*, 194 W. Va. at 776, 461 S.E.2d at 522.

In this matter, we must decide whether the circuit court correctly applied the MPLA statute of limitations in light of the tolling provision under West Virginia Code § 55-2-15. Our review is guided by the Supreme Court of Appeals of West Virginia's ("SCAWV") recognition, in syllabus point one of *Chrystal R.M. v. Charlie A.L.*, 194 W. Va. 138, 459 S.E.2d 415 (1995), that "[w]here the issue on an appeal from the circuit court

3

is clearly a question of law or involving an interpretation of a statute, we apply a *de novo* standard of review." With these standards in mind, we now consider the issues raised on appeal.

## III. DISCUSSION

Mr. Osborne raises two assignments of error challenging the dismissal of his complaint. First, Mr. Osborne argues the circuit court erred when it dismissed his lawsuit which was timely filed within the two years provided under West Virginia Code § 55-2-15. Second, Mr. Osborne asserts the circuit court erred when it failed to conclude that West Virginia Code § 55-7B-4 violated the equal protection clause found in Section X of Article III of the West Virginia Constitution in its application to him, as he was a minor at the time of injury and has been denied the benefit of the tolling provisions of West Virginia Code § 55-2-15. As we find these assignments to be an interrelated challenge to the dismissal of the complaint, we will consolidate and address them accordingly. *See Tudor's Biscuit World of Am. v. Critchley*, 229 W. Va. 396, 402, 729 S.E.2d 231, 237 (2012) (per curiam) (consolidating assignments of error).

Mr. Osborne argues that the two-year statute of limitations contained in the MPLA, as provided in West Virginia Code § 55-7B-4, is facially unconstitutional with respect to its statutory filing limitations regarding civil actions brought by or on behalf of

minors.[1] Specifically, Mr. Osborne asserts that the circuit court incorrectly determined that the statute of limitations did not violate the equal protection clause as found in the West Virginia Constitution.[2] Mr. Osborne maintains that the SCAWV established in *Shelley D. Whitlow v. Board of Education of Kanawha County*, 190 W. Va. 223, 438 S.E.2d 15 (1993), that statutory language, identical to the language contained in the MPLA, violated the equal protection clause to the extent that it denied minors the benefit of the general tolling provision contained in West Virginia Code § 55-2-15. Arguing for the same application to the current statutory language, Mr. Osborne contends that the circuit court was required to find a violation of the West Virginia Constitution, as similarly situated minors are being denied such tolling provision. We disagree.

From its 1893 inception, West Virginia Code § 55-2-15 has generally provided for the tolling of statutory filing provisions as applied to persons under a disability, including minors. West Virginia Code § 55-2-15(b) provides:

> If any person to whom the right accrues to bring any personal action other than an action described in subsection (a) of this section [sexual assault or sexual abuse], suit, or scire facias, or any bill to repeal a grant, shall be, at the time the same accrues,

---

[1] We note Mr. Osborne, through counsel, conceded that West Virginia Code §§ 55-2-15 and 55-7B-4 must be viewed in conflict and cannot be read harmoniously together.

[2] We note the West Virginia Constitution does not contain an equal protection clause. Instead, West Virginia's equal protection principles emanate from the West Virginia Constitution's due process clause. Syl. Pt. 3, *Robertson v. Goldman*, 179 W. Va. 453, 369 S.E.2d 888 (1988) ("The concept of equal protection of the laws is inherent in article three, section ten of the West Virginia Constitution, and the scope and application of this protection is coextensive or broader than that of the fourteenth amendment to the United States Constitution.").

an infant or insane, the same may be brought within the like number of years after his or her becoming of full age or sane that is allowed to a person having no such impediment to bring the same after the right accrues, or after such acknowledgment as is mentioned in § 55-2-8 of this this code, except that it shall in no case be brought after 20 years from the time when the right accrues.

However, the Legislature enacted a separate tolling provision for minors who allege medical professional liability against health care providers and health care facilities. West Virginia Code § 55-7B-4 specifically provides:

(a) A cause of action for medical injury to a person alleging medical professional liability against a health care provider, except a nursing home, assisted living facility, their related entities or employees, or a distinct part of an acute care hospital providing intermediate care or skilled nursing care or its employees, arises as of the date of medical injury, except as provided in subsection (c) of this section, and must be commenced within two years of the date of such injury or death, or within two years of the date when such person discovers, or with the exercise of reasonable diligence, should have discovered such medical injury, whichever last occurs: *Provided,* That in no event shall any such action be commenced more than 10 years after the date of medical injury.

[…]

(c) A cause of action for injury to a minor, brought by or on behalf of a minor who was under the age of 10 years at the time of such injury, shall be commenced within two years of the date of such injury, or prior to the minor's 12th birthday, whichever provides the longer period.

As the parties suggest, these tolling provisions cannot be reconciled.[3] The parties agree that "[t]he general rule of statutory construction requires that a specific statute be given precedence over a general statute relating to the same subject matter where the two cannot be reconciled." Syl. Pt. 1, *UMWA by Trumka v. Kingdon*, 174 W. Va. 330, 325 S.E.2d 120 (1984); *see also Vance v. Ritchie*, 178 W. Va. 155, 358 S.E.2d 239 (1987); *State ex rel. Myers v. Wood*, 154 W. Va. 431, 175 S.E.2d 637 (1970). With this understanding, the parties acknowledge that the specific minors tolling provisions in West Virginia Code § 55-7B-4(c) take precedence over the general tolling provisions contained in West Virginia Code § 55-2-15. Therefore, Mr. Osborne's sole challenge relates to the constitutionality of West Virginia Code § 55-7B-4(c)[4] as applied to minors. In support of his constitutional challenge, Mr. Osborne places substantial reliance on *Whitlow,* 190 W. Va. 223, 438 S.E.2d 15.

In *Whitlow*, a fifteen-year-old student was injured when bleachers at her junior high school collapsed. When Ms. Whitlow became an adult, over three years after

---

[3] We note the primary object in construing similar statutory provisions is to give full force and effect to statutory provisions and the policies they were designed to serve. As such, the courts are required to read statutory provisions in pari materia and understand that in creating a comprehensive body of law, lawmakers are presumed to do so holistically, such that their contents be unified and read in harmony. However, the parties, as well as the SCAWV in *Whitlow*, acknowledge that these tolling provisions cannot be reconciled.

[4] W. Va. Code § 55-7B-4(c) states: "A cause of action for injury to a minor, brought by or on behalf of a minor who was under the age of 10 years at the time of such injury, shall be commenced within two years of the date of such injury, or prior to the minor's 12th birthday, whichever provides the longer period."

7

the incident occurred, she filed suit against the Board of Education. The circuit court dismissed the complaint as being time barred under West Virginia Code § 29-12A-6 (1986) (establishing a two-year statute of limitations for actions against a political subdivision). On appeal, Ms. Whitlow argued that West Virginia Code § 29-12A-6 violated the equal protection clause. In that matter, the SCAWV determined that the equal protection standard applicable to this type of challenge was the rational basis test set out in Syllabus Point 2 of *O'Dell v. Town of Gauley Bridge*, 188 W. Va. 596, 425 S.E.2d 551 (1992):

> Where economic rights are concerned, we look to see whether the classification is a rational one based on social, economic, historic or geographic factors, whether it bears a reasonable relationship to a proper governmental purpose, and whether all persons within the class are treated equally. Where such classification is rational and bears the requisite reasonable relationship, the statute does not violate Section 10 of Article III of the West Virginia Constitution which is our equal protection clause.

Syl. Pt. 2, *Whitlow*, 190 W. Va. 223, 438 S.E.2d 15 (internal citations omitted). The SCAWV ultimately held that West Virginia Code § 29-12A-6(b) violated this state's equal protection clause because its purpose lacked a rational basis.

The parties do not dispute that West Virginia Code § 29-12A-6(b) contains nearly identical language to West Virginia Code § 55-7B-4(c); however, the SCAWV expressly refused to address the constitutionality of the specific minor tolling provisions in the MPLA.[5] Therefore, we do not find *Whitlow* to be dispositive on the issue. Every

---

[5] In *Whitlow,* the SCAWV specifically recognized the MPLA tolling provisions:

8

legislative enactment, challenged on its constitutionality, requires its own comprehensive

discussion under the appropriate level of scrutiny.

> In considering the constitutionality of a legislative enactment,
>
> courts must exercise due restraint, in recognition of the principle of the separation of powers in government among the judicial, legislative and executive branches. Every reasonable construction must be resorted to by the courts in order to sustain constitutionality, and any reasonable doubt must be resolved in favor of the constitutionality of the legislative enactment in question. Courts are not concerned with questions relating to legislative policy. The general powers of the legislature, within constitutional limits, are almost plenary. In considering the constitutionality of an act of the legislature, the negation of legislative power must appear beyond reasonable doubt.

*Justice v. W. Va. AFL-CIO,* 246 W. Va. 205, 212-13, 866 S.E.2d 613, 620-21 (2021). When

presented with an equal protection challenge under the West Virginia Constitution, we first

determine which one of three tests apply: strict scrutiny, intermediate scrutiny, or rational

basis. *Lewis v. Canaan Valley Resorts, Inc.*, 185 W. Va. 684, 691, 408 S.E.2d 634, 641

(1991). The parties agree the rational basis test applies to the challenge at issue.

---

Although not before us in this case, we note that W. Va. Code, 55-7B-4(b), contains a tolling provision for minors identical to W. Va. Code, 29-12A-6(b), in regard to medical malpractice claims. We need not address the constitutionality of that provision at this time. We note that other jurisdictions have addressed this type of malpractice statute of limitations for minors and have held it to violate equal protection principles.

190 W. Va. at 231 n.16, 438 S.E.2d at 23 n.16.

9

In the years since *Whitlow*, the SCAWV has continued the development of our rational basis test. As discussed in *State ex rel. W. Va. Secondary Sch. Activities Comm'n* [*"SSAC"*] *v. Cuomo*, 247 W. Va. 324, 333, 880 S.E.2d 46, 55 (2022),

> A plaintiff challenging a statute or rule under the rational basis test faces "a tremendous uphill battle." *Payne v. Huntington Union Free Sch. Dist.*, 219 F. Supp.2d 273, 284 (E.D.N.Y. 2002). "There is a 'strong presumption of validity' when examining a statute under rational basis review, and the burden is on the party challenging the validity of the legislative action to establish that the statute is unconstitutional." *Maages Auditorium v. Prince George's Cnty.*, 4 F. Supp.3d 752, 776 (D. Md. 2014) (citation omitted), *aff'd*, 681 F. App'x 256 (4th Cir. 2017) (per curiam). "To find that a rule or statute is unconstitutional, it must be shown that the rule or statute is unconstitutional beyond a reasonable doubt[.]" *Johnson v. Bd. of Stewards of Charles Town Races*, 225 W. Va. 340, 342, 693 S.E.2d 93, 95 (2010). Consequently, challenges to a statute or rule under rational basis review rarely succeed.

Under the rational basis test, we must ask if the challenged law "rationally furthers a legitimate state purpose or interest." *SSAC* at 333, 880 S.E.2d at 55 (quoting *San Antonio Indep. Sch. Dist. v. Rodriguez*, 411 U.S. 1, 55 (1973)). An equal protection challenge may not succeed under the rational basis test as long as the question of rational relationship is "at least debatable." *SSAC* at 333, 880 S.E.2d at 55 (quoting *W. & S. Life Ins. Co. v. State Bd. of Equalization*, 451 U.S. 648, 674 (1981)).

Here, the parties agree that Mr. Osborne is making a facial challenge to the legislative enactments at issue. A facial challenge to the constitutionality of legislation is the most difficult challenge to mount successfully. *See Robinson v. Charleston Area*

10

*Medical Center, Inc.*, 186 W. Va. 720, 726, 414 S.E.2d 877, 883 (1991). The SCAWV has

consistently held:

> Where economic rights are concerned, we look to see whether the classification is a rational one based on social, economic, historic or geographic factors, whether it bears a reasonable relationship to a proper governmental purpose, and whether all persons within the class are treated equally. Where such classification is rational and bears the requisite reasonable relationship, the statute does not violate Section 10 of Article III of the West Virginia Constitution[.]

Syl. Pt. 2, *Whitlow*, 190 W. Va. at 223, 438 S.E.2d at 17.

Our rational basis review is highly deferential. "[A] law will be sustained if it can be said to advance a legitimate government interest, even if the law seems unwise or works to the disadvantage of a particular group, or if the rationale for it seems tenuous." *SSAC* at 333, 880 S.E.2d at 55 (quoting *Romer v. Evans*, 517 U.S. 620, 632 (1996)). "[I]f the State's purpose is found to be legitimate, the state law stands as long as the burden it imposes is found to be rationally related to that purpose, a relationship that is not difficult to establish." *Id.* (quoting *Metro. Life Ins. Co. v. Ward*, 470 U.S. 869, 881 (1985)). The Legislature is not obligated to produce evidence to sustain the rationality, as the burden is on the challenger to negate every conceivable basis which might support the classification. *See Van Der Linde Housing, Inc. v. Rivanna Solid Waste Authority*, 507 F.3d 290, 293 (4th Cir. 2007).

Mr. Osborne argues that the delineation within the minor classification as contained in West Virginia Code § 55-7B-4(c) treats similarly situated minors in a disadvantageous manner. Pursuant to *Whitlow,* Mr. Osborne asserts that such a designation of subclassifications within the minor classification is considered irrational; however, our precedent does not preclude the application of the enlarged statutory time frame for minors under 10 years old. *See Cartwright v. McComas*, 223 W. Va. 161, 166, 672 S.E.2d 297, 302 (2008) (the statute of limitations under the MPLA is set forth in W. Va. Code § 55-7B-4 and the enlarged filing period for minors under the age of ten at the time of injury was applicable; therefore, the four-year-old plaintiff's filing period did not expire until her twelfth birthday.).

A governmental classification within a class will be sustained so long as it "is rationally related to a legitimate state interest." *Justice*, 246 W. Va. at 215, 866 S.E.2d at 623 (citation modified). Even subclassification within a class can be maintained when there is some reasonable basis for the Legislature's classification scheme. *See Appalachian Power Co. v. State Tax Dep't of W. Virginia*, 195 W. Va. 573, 596, 466 S.E.2d 424, 447 (1995). The SCAWV has consistently recognized that "the classification process is peculiarly a legislative function." *Marcus v. Holley*, 217 W. Va. 508, 524, 618 S.E.2d 517, 533 (2005). Any inquiry into the classifications established in a legislative enactment should be "a relatively relaxed standard reflecting the Court's awareness that the drawing of lines that create distinctions is peculiarly a legislative task and an unavoidable one.

12

Perfection in making the necessary classification is neither possible nor necessary." *Marcus*, 217 W. Va. at 524, 618 S.E.2d at 533.

In the midst of a national health care crisis, the West Virginia Legislature established the MPLA to maintain the affordability and availability of quality health care. In the introductory "[l]egislative findings and declaration of purpose" of the MPLA, the Legislature found that "[t]he citizens of this state are entitled to the best medical care and facilities available and that health care providers offer an essential and basic service which requires that the public policy of this state encourage and facilitate the provision of such service to our citizens." W. Va. Code § 55-7B-1. This emphasis reflects the Legislature's duty and responsibility to balance the rights of our individual citizens to adequate and reasonable compensation for injuries from substandard medical care with the broad public interest in the provision of services by qualified health care providers and health care facilities who can themselves obtain the protection of reasonable liability coverage. These are precisely the types of social, economic, and historical factors which the Legislature must balance in crafting legislation.

As a part of the effort to stabilize and maintain the health care system and its quality in West Virginia, the enacted statute of limitations provides health care providers and their insurance carriers an ability to better predict and account for liability exposure through the elimination of stale claims. As the SCAWV has held, "[t]he basic purpose of statutes of limitations is to encourage promptness in instituting actions; to suppress stale

13

demands or fraudulent claims; and to avoid inconvenience which may result from delay in asserting rights or claims when it is practicable to assert them." *Morgan v. Grace Hosp., Inc.*, 149 W. Va. 783, 791, 144 S.E.2d 156, 161 (1965) (citations omitted). The filing limitations established under the MPLA limited such exposure to potentially stale claims in order to ensure the availability of quality health care. The MPLA sought to incentivize quality health care providers to remain in West Virginia and assist them in obtaining predictable and competitive insurance premiums by allowing for better estimation of the malpractice risks. Based upon both the expressed declarations of the Legislature and the general purpose for statutes of limitations,[6] it becomes clear that the limitations provided in West Virginia Code § 55-7B-4 are rationally related to a legitimate governmental purpose pursuant to our equal protection standard.[7] Thus, Mr. Osborne has failed to meet

---

[6] While Mr. Osborne argues that the Legislature did not specifically state the rationale for the limitation provision contained in the MPLA, under a rational basis review the Legislature "need not actually articulate at any time the purpose or rationale supporting its classification." *Heller v. Doe*, 509 U.S. 312, 320 (1993).

[7] Other states have similarly upheld the disparity between a general tolling provision and a specific statutory scheme. *See Gomersall v. St. Luke's Reg'l Med. Ctr*., 483 P.3d 365, 377 (Idaho 2021) (under the rational basis test, a statute of limitations that created different time limits for subclassifications of minors to bring medical malpractice claims was rationally related to the governmental purpose to reduce the risk faced by insurance companies and the cost of medical malpractice insurance); *Raley v. Wagner*, 57 S.W.3d 683, 688 (Ark. 2001) (a shorter two-year statute of limitations that applied to minors with medical malpractice claims as opposed to minors with other tort claims subject to a general savings statute did not violate equal protection); *Estate of McCarthy v. Montana Second Jud. Dis. Ct.*, 994 P.2d 1090, 1096 (Mont. 1999) (the separate tolling provision that applied to minors under a certain age did not violate equal protection); *Smith v. Cobb Cnty.- Kennestone Hosp. Auth*., 423 S.E.2d 235, 239 (Ga. 1992) (a statute that treated medical malpractice claims of minors differently than other tort claims was constitutional under the rational basis test).

14

his burden of establishing that West Virginia Code § 55-7B-4(c) lacks a rational basis. Accordingly, we find no error in the circuit court's dismissal of Mr. Osborne's complaint.

## IV.  CONCLUSION

For the foregoing reasons, we affirm the January 31, 2025, order from the Circuit Court of Harrison County granting the respondents' motions to dismiss.

Affirmed.