No. 03-593

IN THE SUPREME COURT OF THE STATE OF MONTANA

2004 MT 35

RAVALLI COUNTY, MONTANA,

        Plaintiff and Appellant,

   v.

DALLAS ERICKSON,

        Defendant and Respondent.

APPEAL FROM:    District Court of the Twenty-First Judicial District,
In and For the County of Ravalli, Cause No. DV 02-167,
Honorable Jeffrey H. Langton, Presiding Judge

COUNSEL OF RECORD:

       For Appellant:

           George H. Corn, County Attorney; D. James McCubbin, Deputy
County Attorney, Hamilton, Montana

       For Respondent:

           Dallas Erickson, Pro Se, Stevensville, Montana

                      Submitted on Briefs:  December 11, 2003

                                Decided:  February 19, 2004

Filed:

                                            _____
                                                    Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶1 Ravalli County appeals the District Court's refusal to review the constitutional validity of two proposed county ordinances prior to the initiatives being placed on the election ballot. We reverse and remand.

¶2 The sole issue on appeal is whether § 7-5-135(1), MCA, allows for substantive judicial review of ordinances proposed by an initiative petition.

Factual and Procedural Background

¶3 In April of 2002, Dallas Erickson (Erickson) filed with the Ravalli County Clerk and Recorder two proposed petitions to place ordinances on the election ballot. One petition was entitled "Obscenity" and the other was entitled "Displaying or Disseminating Material Harmful to Minors." It appears these are ever-popular topics in Ravalli County. The voters had previously enacted three ordinances in 1994 addressing conduct similar to that which would be proscribed by the proposed ordinances. All of these previous ordinances were found invalid and unconstitutional by the District Court.

¶4 Despite the declaration of constitutional invalidity of the previous ordinances, Erickson has again attempted, through the proposed ordinances, to control this type of conduct. On May 7, 2002, the Ravalli County Attorney's Office issued a notice to the Ravalli County Clerk and Recorder that both proposed petitions were approved as to form pursuant to § 7-5-134, MCA. On or about May 8, 2002, the Ravalli County Clerk and Recorder gave written notice to Erickson that the petitions were approved as to form.

2

¶5 On May 21, 2002, Ravalli County filed a complaint requesting the District Court issue an opinion pursuant to § 7-5-135, MCA, determining the constitutionality of the two proposed ordinances. Given the history of similar ordinances in Ravalli County, the County requested that the District Court determine whether the ordinances would be constitutionally valid if enacted into law.

¶6 After Erickson filed an answer to the complaint, the District Court held a scheduling conference on July 30, 2002. The parties stipulated to submit the matter to the District Court for ruling without briefing or oral argument. The reason for this was, as Ravalli County explained, to allow "the Judge to consider whatever matters he deemed relevant in making a ruling upon the validity and constitutionality of the proposed ordinances."

¶7 The District Court, in its Opinion and Order filed July 9, 2003, analyzed case law from Montana and other states. The court noted that appellate courts in Missouri, Oregon, Idaho, and Alaska have rejected pre-election constitutional challenges to the substance of a proposed initiative. The court determined that "this Court's analysis shall be confined to whether the proposed referendum is constitutionally valid or invalid based solely upon whether it proposes legislative rather than administrative acts." The court stated it was not the intent of the Montana Legislature that § 7-5-135(1), MCA, provide a district court with "jurisdiction to render a preliminary opinion regarding the validity and constitutionality of the subject matter of [a] proposed referendum [or initiative] prior to its enactment following voter approval."

3

¶8 The court stated that the purpose of a § 7-5-135(1), MCA, suit is to ascertain whether a petition and proposed action is valid under Article XI, Section 8, of the Montana Constitution. This section grants electors certain initiative and referendum powers as to legislative but not administrative acts. The court expressly stated that "[t]he suit is not a method by which a party may have the District Court prematurely consider the constitutionality of the subject matter of the proposed initiative or referendum prior to the measure being placed on the ballot." The court concluded that to interpret § 7-5-135(1), MCA, otherwise would cause the court to issue an advisory opinion regarding the constitutionality of the subject matter of the proposed initiatives in the absence of any defined factual basis for the constitutional attack. The court also stated that Ravalli County would be avoiding the burden of showing the unconstitutionality of a legislative enactment beyond a reasonable doubt, citing *Hardy v. Progressive Specialty Ins. Co.*, 2003 MT 85, 315 Mont. 107, 67 P.3d 892.

¶9 The court analyzed the proposed ordinances in light of our analysis of legislative and administrative acts in *Town of Whitehall v. Preece*, 1998 MT 53, 288 Mont. 55, 956 P.2d 743. The court concluded that the ordinances were legislative and therefore valid and constitutional under the Montana Constitution. Ravalli County filed this timely appeal.

Discussion

¶10 Section 7-5-135(1), MCA, provides: "The governing body may direct that a suit be brought in district court by the local government to determine whether the proposed action would be valid and constitutional, but such a suit must be initiated within 14 days of the date

4

a petition has been approved as to form . . . ."  "[A]ll questions of law, including the admissibility of testimony, the facts preliminary to such admission, the construction of statutes and other writings, and other rules of evidence, are to be decided by the court . . . and all discussions of law are to be addressed to the court."  Section 25-7-102, MCA.

¶11     The rules of statutory construction require the language of a statute to be construed according to its plain meaning. If the language is clear and unambiguous, no further interpretation is required. *Rausch v. State Compensation Ins. Fund*, 2002 MT 203, ¶ 33, 311 Mont. 210, ¶ 33, 54 P.3d 25, ¶ 33.  "This Court has repeatedly held that the role of courts in applying a statute has always been to ascertain and declare what is in terms or in substance contained therein, not to insert what has been omitted or to omit what has been inserted . . . [pursuant to] Section 1-2-101, MCA."  *State v. Goebel*, 2001 MT 73, ¶ 16, 305 Mont. 53, ¶ 16, 31 P.3d 335, ¶ 16 (citation and internal quotations omitted).

¶12     "[T]he intent of the Legislature is controlling when construing a statute.  The intention of the legislature must first be determined from the plain meaning of the words used, and if interpretation of the statute can be so determined, the courts may not go further and apply any other means of interpretation."  *Goebel*, ¶ 17 (citation and internal quotations omitted). If  "the language of the statute is plain, unambiguous, direct and certain, the statute speaks for itself and there is nothing left for the court to construe."  *Goebel*, ¶ 17 (citation omitted).

¶13     Ravalli County brought suit in the District Court on May 21, 2002, which was within fourteen days of the date the initiatives were approved as to form.  Section 7-5-135(1), MCA. Our task in the present case is to ascertain and interpret the terms and substance of § 7-5-

135(1), MCA. Section 1-2-101, MCA; *Goebel*, ¶ 17. To do this we will construe the terms according to their plain meaning. *Goebel*, ¶ 16. We have previously utilized dictionaries when seeking to define the common use and meaning of terms. *Town of Whitehall*, ¶ 20 (defining the term "act" in the sense of a "legislative act" pursuant to the 6th edition of Black's Law Dictionary, as "an alternative name for statutory law"). We will utilize this same method to determine the common meaning of "proposed action" as that term is used in § 7-5-135(1), MCA.

¶14     The common meaning of "propose" is "put forward for consideration or as a plan." Oxford American Dictionary of Current English 635 (1999). "Action" commonly means "a legal process; a lawsuit." Oxford American Dictionary 8.

¶15     With these definitions in mind, we conclude that the use of the term "proposed action" in § 7-5-135(1), MCA, includes the subject matter of a proposed ordinance as well as whether the proposed ordinance is legislative or administrative. A "proposed action" is a legal process or lawsuit put forward for consideration or as a plan. The language in § 7-5-135(1), MCA, that "[t]he governing body may direct that a suit be brought in district court by the local government to determine whether the proposed action would be valid and constitutional . . . " clearly intends that a district court must determine whether the subject matter of a proposed action or ordinance would be valid and constitutional. Nothing in the plain meaning of the term "proposed action" limits this phrase to consideration of whether the proposed initiative concerns a legislative or administrative action. Because the statutory

6

language is clear and unambiguous, the intent of the legislature is clear and no further interpretation is required. *Goebel*, ¶ 17.

¶16    The District Court correctly noted that when we have previously interpreted § 7-5-135(1), MCA, we have concentrated on whether a proposed action is unconstitutional because it affects administrative rather than legislative acts. In *Town of Whitehall*, we determined that an ordinance requiring installation of individual water meters to measure water consumption was an administrative act that was not subject to referendum. *Town of Whitehall*, ¶ 39. However, we went on to state that we "need not address the issue . . . concerning whether the referendum was unconstitutional because it would substantially interfere with contracts." *Town of Whitehall*, ¶ 39. This language is consistent with the proposition that, under the appropriate circumstances, courts do have the power to rule on the constitutionality of the substance of a proposed ordinance.

¶17    In reaching its conclusion that district courts do not have this power, the District Court, relying on our decision in *Hardy*, stated that Ravalli County would be avoiding its burden of proving the unconstitutionality of the proposed ordinance beyond a reasonable doubt. However, the burden of proof requirement articulated in *Hardy* does not apply to *proposed* initiatives and referendums; it applies to constitutional challenges to *existing* statutes. *Hardy*, ¶ 33. The constitutionality of an enacted legislative statute is prima facie presumed. *State v. Price*, 2002 MT 229, ¶ 27, 311 Mont. 439, ¶ 27, 57 P.3d 42, ¶ 27. A party challenging the constitutionality of a statute must prove the statute  unconstitutional beyond a reasonable doubt. *Estate of McCarthy*, 1999 MT 309, ¶ 13, 297 Mont. 212, ¶ 13, 994 P.2d 1090, ¶ 13.

¶18 In contrast, there is no presumption of validity when a court considers a *proposed* statute. *Opinion of the JJ. to the H. of Reps.* (Mass. 1998), 702 N.E.2d 8, 11. Under § 7-5-135, MCA, the court must determine the constitutionality of a proposed ordinance by determining whether the proposed ordinance conflicts with the constitution.

¶19 To summarize, the intent of the legislature can be determined from the plain meaning of the words in § 7-5-135(1), MCA. *Goebel*, ¶ 17. The language is plain, unambiguous, direct, and certain. When a suit is filed pursuant to § 7-5-135(1), MCA, a district court, after any briefing and fact-finding it deems appropriate, must determine whether a proposed ordinance would be valid and constitutional if passed. Section 7-5-135(1), MCA. Section 7-5-135(1), MCA, requires substantive review of the proposed ordinances by the District Court. Accordingly, we reverse and remand.

/S/ W. WILLIAM LEAPHART

We concur:

/S/ KARLA M. GRAY
/S/ JAMES C. NELSON
/S/ JOHN WARNER
/S/ PATRICIA O. COTTER
/S/ JIM REGNIER
/S/ JIM RICE

8

Justice John Warner concurring.

¶20    I concur that § 7-5-135, MCA, gives a district court authority to determine the constitutionality of a proposed action prior to the time it is placed on a ballot for elector approval. At ¶ 19, the Court remands to the District Court to rule on the constitutionality of the proposed initiative. This ruling is to be premised on "any briefing and fact-finding [the court] deems appropriate." This statement gives the court and parties a modicum of guidance, but I would add more.

¶21    Section 7-5-135 is the enabling statute authorizing the county to bring a "suit" to determine the validity of the proposed action. The Uniform Declaratory Judgments Act, Title 27, Chapter 8, MCA, provides the procedural vehicle through which such suits are prosecuted.

¶22    At ¶ 6, the Court notes that a complaint and a response were filed in the District Court. Thereafter, the parties did nothing. There was no briefing, no argument, and to paraphrase the county attorney, "we'll just let the judge handle it from here." In other words, Ravalli County simply wanted an advisory opinion. It is well-settled that the courts of Montana have no authority to give advisory opinions. *Montana Dep't of Natural Resources v. Intake Water Co.* (1976), 171 Mont. 416, 440, 558 P.2d 1110, 1123. The existence of an actual controversy is constitutionally mandated before a court can exercise jurisdiction. *Roosevelt v. Department of Revenue*, 1999 MT 30, ¶¶ 47-48, 293 Mont. 240, ¶¶ 47-48, 975 P.2d 295, ¶¶ 47-48.

¶23    The parties cannot simply hand the court a ballot initiative and say, "Judge, we would appreciate you getting back to us on this at your earliest convenience." If we initiate this

9

procedure, the adversary system is bypassed in the district courts. It is then probable that one side or the other would be dissatisfied and appeal to this Court. The appellant's brief would merely state, "I think the order should be reversed." The response brief would merely state, "I don't," and the decision would be left to this Court. Of course, if the appellate court were to follow the rule that judgments will not be reversed based on arguments that were not made in the district court, the decision could not be reviewed because no arguments were made.

¶24    I, for one, am not willing to declare that the courts of Montana are now open for all who simply seek advice on constitutional, or other, issues. I would affirmatively require that upon remand the parties present a controversy to the District Court. In my view, the Plaintiff, Ravalli County, is obliged to take a position and prosecute it. Likewise, the Respondent, Erickson, is obliged to defend the ordinance he has proposed. If the parties agree on what the result should be, there is no reason for the suit and it should be dismissed. If the parties disagree, but neither of them care enough to advocate their position, the action should be dismissed.

/S/ JOHN WARNER