No. 03-830

IN THE SUPREME COURT OF THE STATE OF MONTANA

2004 MT 233

FRED HAUX,

        Plaintiff and Appellant,

    v.

MONTANA RAIL LINK, INC.,
a Montana Corporation,

        Defendant and Respondent.

APPEAL FROM:    District Court of the First Judicial District,
                    In and For the County of Lewis & Clark, Cause No. ADV 2002-612
                    Honorable Dorothy McCarter, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

                Erik B. Thueson; Thueson Law Office, Helena, Montana

                James T. Towe; Towe Law Office, Missoula, Montana

        For Respondent:

                Randy J. Cox, Natasha Prinzing Jones; Boone Karlberg, Missoula
                Montana

                David B. Potter, Jennifer K. Eggers; Oppenheimer, Wolff & Donnelly,
                Minneapolis, Minnesota

                              Submitted on Briefs: June 8, 2004

                                    Decided: August 24, 2004

Filed:

                      _____
                                Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶1     Fred Haux (Haux) appeals the District Court's order dismissing his suit against Montana Rail Link, Inc., (MRL). We reverse in part and affirm in part.

¶2     The issues on appeal are restated as follows:

¶3     1.     Whether § 39-2-703, MCA, expressly provides for a cause of action regarding mismanagement?

¶4     2.     Whether Haux's claim is barred by the statute of limitations?

<u>Factual and Procedural Background</u>

¶5     Haux was employed by MRL as a railroad engineer and trainman. In November of 1999, MRL held an employee picnic outside the MRL depot in Helena. Haux assisted setting up for this picnic and also helped with cooking and serving food. Haux left the picnic in the morning and when he returned that night to report for work, he notice uncooked hamburger left over from the picnic in boxes on the picnic table. On his way out of the locker room, Haux noticed that some hamburger had been removed. Haux proceeded to place some of the hamburger in his truck and some in his tool box in the back of his truck "[t]o secure the hamburger from theft[.]" When Haux returned from his train run early the next morning, the police arrested him for taking the hamburger. He was subsequently fired from his job.

¶6     Haux filed a complaint in which he alleged that his firing was negligent and malicious (in violation of § 39-2-703, MCA) and part of a general business practice designed to fire

2

employees without cause.  He also alleged MRL's conduct violated Montana Constitution Article II, Section 3 (inalienable right to pursue life's basic necessities).  Alleging that MRL's actions were malicious, fraudulent and intentional, he claimed punitive damages pursuant to § 27-1-221, MCA.

¶7     MRL moved for judgment on the pleadings.  The District Court cited *Dillon v. Great Northern Ry. Co.* (1909), 38 Mont. 485, 100 P. 960, as precedent and determined "that the statute" did not create a new cause of action, but merely extended a right of a prior, existing cause of action to include damages for injuries caused by fellow-servants."  The court determined our treatment of § 39-2-703, MCA, in *Winslow v. Montana Rail Link*, 2000 MT 292, 302 Mont. 289, 16 P.3d 992, "did not consider whether the statute provided an independent cause of action."

¶8     The court concluded that § 39-2-703, MCA, does not provide an independent cause of action and granted MRL's motion for judgment on the pleadings.  The court also granted MRL judgment on the pleadings regarding violation of the Montana Constitution because the court determined "[u]nless specifically provided otherwise, the constitution protects citizens against state action, not against actions by a private citizen."

¶9     Because it ruled in favor of MRL on other grounds, the court did not rule on MRL's allegation that the statute of limitations barred Haux's claim.  Haux appeals.  We reverse in part and affirm in part.

Discussion

3

¶10    Issue 1:  The single legal issue presented by Haux is whether § 39-2-703, MCA,

expressly provides for a cause of action regarding mismanagement?

¶11    MRL goes to great lengths to persuade this Court that neither the history of § 39-2-

703, MCA, nor this Court's previous interpretation of similar text support a conclusion that

the statute creates a cause of action.  Section 39-2-703, MCA, provides as follows:

> (1) Every person or corporation operating a railway or railroad in this state is liable for all damages sustained by any employee of such person or corporation in consequence of the neglect of any other employee thereof or by the *mismanagement* of any other employee thereof and in consequence of the willful wrongs, whether of commission or omission, of any other employee thereof when such neglect, *mismanagement*, or wrongs are in any manner connected with the use and operation of any railway or railroad on or about which he is employed. No contract which restricts such liability is legal or binding.
> (2) In case of the death of any such employee in consequence of any injury or damage so sustained, *the right of action provided by subsection (1)* shall survive and may be prosecuted and maintained by his heirs or personal representatives.
> (3) Every railway corporation doing business in this state, including electric railway corporations, is liable for damages sustained by an employee thereof within this state, subject to the provisions of 27-1-702, when such damages are caused by the negligence of any train dispatcher, telegraph operator, superintendent, master mechanic, yardmaster, conductor, engineer, motorman, or any other employee who has superintendence of any stationary or hand signal.
> (4) No contract of insurance, relief, benefit, or indemnity in case of injury or death or any other contract entered into, either before or after the injury, between the person injured and any of the employers named in subsection (3) is a bar or defense to *any cause of action brought under the provisions of this section*, except as otherwise provided in the Workers' Compensation Act.

Section 39-2-703, MCA (emphasis added).

4

¶12     As we have continuously stated, "[t]he rules of statutory construction require the language of a statute to be construed according to its plain meaning." *Ravalli County v. Erickson*, 2004 MT 35, ¶ 11, 320 Mont. 31, ¶ 11, 85 P.3d 772, ¶ 11. If the language is clear, unambiguous, direct and certain, the statute speaks for itself, no further interpretation is required, and there is nothing left for the court to construe. *Ravalli County*, ¶ 12.

¶13     A plain reading of the language of § 39-2-703, MCA, clearly indicates this section does more than merely eliminate the fellow-servant defense to common-law causes of action as determined by the District Court. It provides for a cause of action for mismanagement. The statute, § 39-2-703(2), MCA, states that "[i]n case of the death of any such employee in consequence of any injury or damage so sustained, *the right of action provided by subsection (1)* shall survive and may be prosecuted and maintained by his heirs or personal representatives[.]" (Emphasis added.) Likewise, § 39-2-703(4), MCA, states "[n]o contract of insurance . . . between the person injured and any of the employers named in subsection (3) is a bar or defense to *any cause of action brought under the provisions of this section . . . .*" (Emphasis added.)

¶14     Although MRL argues, quoting *Dillon*, 38 Mont. at 504, 100 P. at 966, that the "legislature *did not intend to create any new right of action*, but merely recognized a right of action *existing at common law*, and sought to make that right available, notwithstanding the negligence of a fellow-servant[,]" the language of the statutory section clearly provides for a right of action for mismanagement. Section 39-2-703(1), MCA. Nothing in the

5

language of the section supports a conclusion that the statute was designed solely to eliminate the fellow-servant defense.

¶15    As can be seen from the statutory language of § 39-2-703, MCA, the railroad is liable for all damages sustained by any railroad employee by the mismanagement of any other railroad employee when such mismanagement is connected with the use and operation of the railroad. Section 39-2-703(1), MCA. We need not entertain any other arguments regarding what the statute *could* mean when the language clearly states what the statute *does* mean. The language is clear, unambiguous, direct and certain; no further interpretation is required. *Ravalli County*, ¶¶ 11-12. The plain meaning of the language in § 39-2-703(1), MCA, requires that a railroad be held liable for mismanagement. *Ravalli County*, ¶ 11; § 39-2-703(1), MCA.

¶16    The plain language in the current code section controls and we will not look beyond this plain language. *Ravalli County*, ¶¶ 11-12. We reiterate that courts should not insert language into a statute that the legislature has omitted. Section 1-2-101, MCA; *Winslow*, ¶ 18. We stated in *Winslow* that nothing in the plain language of § 39-2-703, MCA, limits that statute to personal injuries caused by co-workers. *Winslow*, ¶ 19. The broad language of the statute declares that railways are "liable for all damages sustained by any employee" as a consequence of the "mismanagement of any other employee" when such mismanagement is "connected with the use and operation of" the railway. Section 39-2-703(1), MCA; *Winslow*, ¶ 19. The plain language of the statute, with terms neither omitted or inserted, states that

6

MRL, as a railroad, is liable for employee damages sustained as a consequence of the mismanagement of any other employee when the mismanagement is connected with the use and operation of the railway. Section 39-2-703(1), MCA.

¶17 Although we have addressed the clear meaning of § 39-2-703, MCA, we will nonetheless address the case precedent MRL raises to clear up any confusion regarding the applicability of this statutory section. MRL claims that this Court, in *Winslow*, "did not 'squarely address' the question of whether § 39-2-703, creates a statutory cause of action or is merely a fellow-servant statute . . . ." However, the text of *Winslow* squarely states that "[t]he District Court [in *Winslow*] erred in concluding that § 39-2-703, MCA, applies only to personal injury claims, *to the exclusion of mismanagement in the handling of an employee termination.*" *Winslow*, ¶ 20 (emphasis added).

¶18 MRL claims that *Winslow* "never considered or decided the precise question of law raised by MRL below and before this Court today – whether § 39-2-703, MCA, provides plaintiffs with a statutory cause of action or merely eliminates the fellow-servant defense." MRL further contends that the *Winslow* Court did not address "the holdings of *Dillon*, *Beeler*, *Johnson*, and *Melzner*, and certainly never expressly held that those early 20[th] century cases misinterpreted the original legislative intent." MRL claims that only those cases "have 'squarely passed upon' the question at issue today, and only those opinions can be considered *stare decisis* on this issue."

7

¶19 Curiously, although MRL was also the respondent in *Winslow*, in arguing *Winslow* it did not cite to or argue the significance of *Dillon*, *Beeler*, and *Johnson* – the cases it so strenuously argues now. Contrary to MRL's protestations, the *Winslow* decision squarely decided that § 39-2-703, MCA, provided a cause of action for railroad mismanagement. *Winslow*, ¶¶ 19-20. The cases MRL cites are early 20th century cases which do not interpret the statute's mismanagement language. MRL asserts that in *Dillon*, 38 Mont. 485, 100 P. 960; *Beeler v. Butte & London C. D. Co.* (1910), 41 Mont. 465, 110 P. 528; *Johnson v. Butte & Superior Copper Co.* (1910), 41 Mont. 158, 108 P. 1057; and *Melzner v. Raven Copper Co.* (1913), 47 Mont. 351, 132 P. 552, we determined that § 39-2-703, MCA, was a fellow-servant statute that merely recognized a right of action existing at common law and sought to make that right available, notwithstanding the negligence of a fellow-servant. However, these cases are all distinguishable. Despite MRL's characterization, *Winslow's* interpretation of the language in the current § 39-2-703, MCA, is directly on point. From a plain reading of the language of *Winslow* as well as the language of § 39-2-703, MCA, the railroad may be held liable for mismanagement.

¶20 *Dillon* is distinguishable because it did not involve the mismanagement language of the statute; it focused on whether the statute was a "survival statute." In *Dillon*, we stated that a cause of action for wrongful death cannot be pursued by the employee decedent's heirs if the employee died instantaneously; it is necessary that the cause of action arise in favor

8

of a decedent prior to his or her death for the action to survive the death. *Dillon*, 38 Mont. at 503, 100 P. at 966.

¶21     In *Johnson*, we determined a cause of action survived and could be prosecuted by the decedent's heirs when a miner was injured on the job and subsequently died from his injuries. The legislative intent of the statute of 1905, applicable in *Johnson*, was to be gathered "only from the language employed and the evils which it was sought to cure." *Johnson*, 41 Mont. at 173, 108 P. at 1061. The statute at issue in *Johnson* was enacted with the purpose of eliminating the fellow-servant defense and of holding the mining company "liable for the negligent acts of its shift-boss, whether the acts were done in the discharge of delegable or nondelegable duties, so long as they were done in the due course of his employment, whatever that might be." *Johnson*, 41 Mont. at 173-74, 108 P. at 1061-62. Although this 1905 statute included liability for mismanagement, the mismanagement portion of the statute was not at issue in *Johnson*.

¶22     In *Beeler*, this Court affirmed a judgment (pursued under the 1905 statute) in favor of the heirs of a decedent mining-employee for damages suffered by the employee as the result of the negligence of a fellow-servant when the employee was crushed by the action of an engineer operating the movement of a mining cage. *Beeler*, 41 Mont. at 473-78, 110 P. at 530-32.

¶23     In *Melzner*, we discussed the liability of a mining company and the effect of contributory negligence on statutory claims. We determined that the pleader must bring

himself or herself within the relevant statute and if an "employee was guilty of contributory negligence, that is a defensive fact to be asserted and shown by the defending employer, unless it appear from plaintiff's own pleading or proof." *Melzner*, 47 Mont. at 358, 132 P. at 554.

¶24 It must be noted that *Dillon*, *Beeler*, *Johnson* and *Melzner* were all negligence suits involving personal injury or death. The Court, in addressing the "neglect" language of § 39-2-703, MCA, acknowledged that claims for negligence were not the creation of the statute but were recognized at common law. None of these cases, however, dealt with the "mismanagement" language of the statute. Mismanagement is not a recognized cause of action at common law and thus does not fit within the rationale of *Dillon*, *Beeler*, *Johnson*, and *Melzner*. Unlike common law claims for negligence, mismanagement is a cause of action newly created by § 39-2-703, MCA. Since mismanagement was not at issue in *Dillon*, *Beeler*, *Johnson*, and *Melzner*, those decisions are distinguishable from our decision in *Winslow*.

¶25 *Winslow* clarified that a railroad may, through the application of § 39-2-703, MCA, be held liable for mismanagement in the handling of an employee termination. *Winslow*, ¶ 20. This conclusion was reached without omitting or inserting any language into § 39-2-703(1), MCA. Section 1-2-101, MCA. The clear and unambiguous language of this section unmistakably allows a railroad to be held liable for all damages sustained by any railroad employee caused by the mismanagement of any other railroad employee when such

10

mismanagement is connected with the use and operation of the railroad. Section 39-2-703(1), MCA; *Ravalli County*, ¶¶ 11, 12. We reverse issue one and hold that § 39-2-703(1), MCA, provides a cause of action for mismanagement.

¶26 Parenthetically, we note that Haux cites the inalienable right to protect and "defend life's basic necessities" of Article II, Section 3, of the Montana Constitution as being an "extremely strong public policy to recognize that the railroad mismanagement statute at §[39-2-]703 does create a cause of action." Since we hold that § 39-2-703, MCA, based upon its own terms, does create a cause of action for mismanagement, we need not address the constitutional argument.

¶27 Issue 2: Whether Haux's claim is barred by the statute of limitations?

¶28 The District Court did not rule on MRL's statute of limitations argument because it decided that Haux could not pursue a mismanagement cause of action under § 39-2-703, MCA. However, we have previously stated that this Court "will affirm a district court's ruling if the court reached the correct result for the wrong reason." *Ritchie v. Town of Ennis*, 2004 MT 43, ¶ 8, 320 Mont. 94, ¶ 8, 86 P.3d 11, ¶ 8.

¶29 On appeal, MRL argues that assuming that Haux has a statutory claim for mismanagement, the claim is barred by the two-year statute of limitations of § 27-2-211(1)(c), MCA. Section 27-2-211, MCA, provides that "(1) [w]ithin 2 years is the period prescribed for the commencement of an action upon: . . . (c) a liability created by statute

11

other than: (i) a penalty or forfeiture; or (ii) a statutory debt created by the payment of public assistance."

¶30    Haux's claim is not in the nature of a "penalty or forfeiture" or a "statutory debt created by the payment of public assistance." Therefore, the pertinent question is whether Haux's claim stems from a "liability created by statute" within the meaning of § 27-2-211(1)(c), MCA. To determine the answer to this question, the appropriate inquiry is "whether liability would exist absent the statute in question." *Royal Ins. Co. v. Roadarmel*, 2000 MT 259, ¶ 17, 301 Mont. 508, ¶ 17, 11 P.3d 105, ¶ 17. A liability created by statute establishes a new rule of private right unknown to the common law and is an obligation which the law creates in the absence of an agreement. *Royal Ins. Co.*, ¶¶ 17-18.

¶31    In *Beeler* we determined that the claim in question was not dependent upon a right created by statute (such as § 39-2-703, MCA) but was based upon a cause of action recognized at common law; that is, actionable negligence. Thus we applied the three-year statute of limitations applicable to negligence claims rather than the two-year statute of limitations for statutory claims. *Beeler*, 41 Mont. at 472-73, 110 P. at 530.

¶32    Relying on *Beeler*, Haux argues that three years is the appropriate statute of limitations for a claim under § 39-2-703, MCA. He quotes our opinion in *Royal Ins. Co.*, ¶ 19, in which we stated that "[w]here there is a substantial question as to which of two or more statutes of limitation should apply, the general rule is that the doubt should be resolved in favor of the statute containing the longest limitations. . . ." *Royal Ins. Co.*, ¶ 19 (citation

12

omitted). He asserts that "where doubt exists as to the nature of the action, courts lean toward application of the longer period of limitations" (quoting *Ritland v. Rowe* (1993), 260 Mont. 453, 457, 861 P.2d 175, 178). He claims that a dispute exists as to the nature of the action in the present case with MRL characterizing it as a common law claim while Haux contends "it is at the minimum a mix between common and statutory law."

¶33 Despite Haux's characterization of his mismanagement claim as a "mix" of common law and statutory law, the claim for mismanagement is, as we have held above, purely a statutory claim. Accordingly, there is not a substantial question as to which of two statutes of limitations should apply. *Royal Ins. Co.*, ¶ 19. The applicable statute of limitations for a cause of action arising from statute is two years. Section 27-2-211(1)(c), MCA. Here, Haux was terminated on December 27, 1999, and did not file his complaint until October 10, 2002, which is beyond the two-year statute of limitations.

¶34 In conclusion, although the District Court erroneously concluded that § 39-2-703, MCA, does not provide a cause of action for mismanagement, in dismissing the suit, it reached the right result for the wrong reason. *See Ritchie*, ¶ 8. The correct reason being that Haux's statutory claim for mismanagement is barred by the two-year statute of limitations. Section 27-2-211(1)(c), MCA. Therefore, we affirm the District Court decision but base our decision on separate grounds. *See Ritchie*, ¶ 8.


/S/ W. WILLIAM LEAPHART

We concur:


/S/ KARLA M. GRAY
/S/ PATRICIA O. COTTER
/S/ JIM REGNIER
/S/ JAMES C. NELSON
/S/ JIM RICE

Justice John Warner, specially concurring.

¶35    I agree with the Court's decision that Mr. Haux's claim is barred by the statute of limitations.  I am forced by respect for the rule of *stare decisis* to concur in the Court's opinion concerning issue one.  As is made clear by the Court, the question of whether an employee may recover damages for a wrongful termination because of a railroad's mismanagement was decided in the affirmative in *Winslow*.  The result of *Winslow* was that the long discarded shield of an employer, the fellow servant rule, was transformed by the Court into a sword for an employee:  the new, previously unheard of, statutory tort of railroad mismanagement.  *Winslow* was handed down on November 27, 2000.  Since then both the Fifty-seventh and Fifty-eighth Legislatures have convened and adjourned making no changes to § 39-2-703, MCA.  I presume the Legislature was aware of the Court's interpretation of the statute, and if it disagreed would have amended it accordingly.  *Swanson v. Hartford Ins. Co.*, 2002 MT 81, ¶ 22, 309 Mont. 269, ¶ 22, 46 P.3d 584, ¶ 22; *Gaustad v. City of Columbus* (1994), 265 Mont. 379, 382, 877 P.2d 470, 472; *In re Wilson's Estate* (1936), 102 Mont. 178, 194, 56 P.2d 733, 737.  Thus, I concur in the Court's opinion in this case.

/S/ JOHN WARNER

15