No. DA 06-0068

IN THE SUPREME COURT OF THE STATE OF MONTANA

2006 MT 293N

THE MONTANA CONSUMER COUNSEL,

      Petitioner and Appellant,

  v.

MONTANA DEPARTMENT OF PUBLIC SERVICE REGULATION,
MONTANA PUBLIC SERVICE COMMISSION,

      Respondent and Respondent,

PACIFICORP,

      Intervenor.

APPEAL FROM:    District Court of the First Judicial District,
                     In and For the County of Lewis and Clark, Cause No. ADV 2004-995
                     Honorable Dorothy McCarter, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

           Mary Wright, Attorney at Law, Montana Consumer Counsel,
           Helena, Montana

      For Respondent:

           Al Brogan, Staff Attorney, Montana Public Service Commission,
           Helena, Montana

      For Intervenor PacifiCorp:

           George M. Galloway, Attorney at Law, Cove, Oregon

                        Submitted on Briefs:  September 26, 2006

                                Decided:  November 14, 2006

Filed:

                        _____
                                    Clerk

Chief Justice Karla M. Gray delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 The First Judicial District Court, Lewis and Clark County, affirmed a decision by the Montana Public Service Commission (PSC), entered in October of 2004, that the PSC lacked statutory authority to order PacifiCorp to distribute certain stranded benefits to Montana utility ratepayers as "negative transition costs." The Montana Consumer Counsel (Consumer Counsel) appeals. We affirm.

¶3 In determining the PSC lacked authority to order distribution of the "negative transition costs" requested by the Consumer Counsel, the PSC and the District Court reasoned that § 69-8-211, MCA, allows the PSC to provide for recovery of certain listed transition costs by a public utility, but does not provide authority for the PSC to order a utility to distribute "negative transition costs" to ratepayers. The Consumer Counsel argues on appeal that, when read in light of the PSC's general regulatory powers, the statute should be interpreted to allow imposition of "negative transition costs." We reach the same result as the District Court, for a reason argued to the PSC but never reached by either the PSC or the District Court.

2

¶4 Administrative agencies have only the powers specifically conferred upon them by the Legislature. *Bell v. Dept. of Licensing*, 182 Mont. 21, 22, 594 P.2d 331, 332 (1979) (citations omitted). The PSC is a statutorily-created entity with statutorily-defined authority over public utilities. *See* § 69-3-102, MCA.

¶5 For purposes of Title 69, chapter 3, MCA, "public utility" is defined at § 69-3-101, MCA, as an entity which "now or hereafter may own, operate, or control" certain listed utility services within Montana. In this case, it is undisputed that PacifiCorp sold its Montana utility services and transferred its associated obligations in November of 1998, and that the PSC issued a written order approving that sale. Following the sale, PacifiCorp is no longer a Montana public utility as defined by § 69-3-101, MCA. As a result, we conclude that even if the statutes provide for the distribution of stranded benefits to consumers as "negative transition costs," the PSC had no jurisdiction in 2004 to order PacifiCorp to make such a distribution to Montana utility ratepayers.

¶6 In replying to the jurisdiction argument, the Consumer Counsel relies on the definition of "public utility" in Chapter 8 of Title 68, MCA--the 1997 Electric Utility Industry Restructuring and Consumer Choice Act, under which this case originated. For purposes of that chapter, "public utility" is defined as "any electric utility regulated by the [PSC] pursuant to Title 69, chapter 3, on May 2, 1997, including the public utility's successors or assignees." Section 69-8-103(25), MCA.

¶7 The Electric Utility Industry Restructuring and Consumer Choice Act requires the PSC to issue a final order within 9 months of a public utility's filing of a transition plan,

unless waived by the public utility. Section 69-8-202(3), MCA. PacifiCorp filed its transition plan in July of 1997, and a revised plan in October of that year. The PSC issued no final order within 9 months of that time; indeed, its order was not issued in this case until October of 2004. Although PacifiCorp agreed to remain in this case after it sold its Montana utility services, it reserved the argument that it was no longer subject to the PSC's jurisdiction. We conclude that, to the extent § 69-8-103(25), MCA, vested jurisdiction in the PSC, the PSC's jurisdiction terminated when it did not issue a final order within the 9 months allowed under the Electric Utility Industry Restructuring and Consumer Choice Act but nevertheless approved the sale of PacifiCorp's Montana utility services.

¶8      We conclude the PSC had no jurisdiction in 2004 to order PacifiCorp to distribute stranded benefits to Montana utility ratepayers as "negative transition costs." As a result, we do not address the provisions of § 69-8-211, MCA. We will affirm a correct result even when it was reached for the wrong reason. *See Haux v. Montana Rail Link, Inc.*, 2004 MT 233, ¶ 34, 322 Mont. 456, ¶ 34, 97 P.3d 540, ¶ 34 (citation omitted). Because the result was correct, we affirm the decision of the District Court.


                                                      /S/ KARLA M. GRAY


We concur:

/S/ JOHN WARNER
/S/ BRIAN MORRIS
/S/ JIM RICE

4

/S/ JAMES C. NELSON