DA 22-0182

IN THE SUPREME COURT OF THE STATE OF MONTANA

2023 MT 112

FILED

06/13/2023

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 22-0182

BROADWATER COUNTY, MONTANA,

       Plaintiff and Appellee,

  and

HELENA INDEPENDENT RECORD,

       Defendant and Appellee,

  v.

PERSON WITH AN INTEREST IN THE RELEASE OF CONFIDENTIAL
CRIMINAL JUSTICE INFORMATION PERTAINING TO THE INVESTIGATION
AND PROSECUTION OF JASON ELLSWORTH: JASON ELLSWORTH,

       Defendant and Appellant.

APPEAL FROM:    District Court of the First Judicial District,
                  In and For the County of Broadwater, Cause No. CDV-2022-02
                  Honorable Kathy Seeley, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          David M. McLean, McLean & Associates, PLLC, Missoula, Montana

      For Appellees:

          Kyle W. Nelson, Jeffrey J. Tierney, Goetz, Geddes & Gardner, P.C.,
          Bozeman, Montana (for Helena Independent Record)

          Cory Swanson, Broadwater County Attorney, Jania Hatfield, Deputy
          County Attorney, Townsend, Montana (for Broadwater County)

                        Submitted on Briefs:  December 14, 2022

                                  Decided:  June 13, 2023

Filed:

_____
                    Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1 Appellant Jason Ellsworth (Ellsworth) appeals the order of the First Judicial District Court, Broadwater County, requiring Appellee Broadwater County to provide to Appellee Helena Independent Record (IR) or other interested persons redacted videographic and documentational records pertaining to Ellsworth's May 23, 2021, stop by, and encounter with, a Montana Highway Patrol officer, which led to misdemeanor charges. We consider the following issue, and affirm:

*Did the District Court err by ordering the dissemination of redacted confidential criminal justice information?*

**FACTUAL AND PROCEDURAL BACKGROUND**

¶2 According to the subject criminal complaint filed against Ellsworth, at approximately 10:20 p.m. on May 23, 2021, after measuring the speed of a vehicle driving through a posted 55 miles per hour construction zone to be 88 miles per hour, a Montana Highway Patrol Trooper initiated a traffic stop of the vehicle, which was driven by Ellsworth. Ellsworth is a Montana State Senator. The vehicle lacked a registration because it was a dealer vehicle, so the Trooper returned to her patrol cruiser to check the vehicle's VIN. While the Trooper was in the cruiser, Ellsworth exited his vehicle and approached the cruiser. The Trooper opened her door and gave multiple instructions to Ellsworth to return to his vehicle, which Ellsworth ignored, insisting he be released because he was enroute to the Montana Legislature. The Trooper responded that she was not arresting Ellsworth, and that this was a traffic stop. Ultimately, Ellsworth was charged with speeding in a construction zone, reckless driving, and obstructing a peace officer. On August 2,

2021, Ellsworth entered a guilty plea to the obstruction charge and received a one-year deferred sentence. An Order and Judgment was entered the same day by Justice of the Peace Kirk Flynn.

¶3 Sometime later, Seaborne Larson, a reporter with the IR, requested from Broadwater County a copy of the investigative file for Ellsworth's case (File). Cory Swanson, Broadwater County Attorney, determined the File contained confidential criminal justice information (CCJI) and, on January 18, 2022, petitioned the District Court for a declaratory ruling "to clarify, declare, and enforce rights of recovery to [CCJI] contained in the investigative file and prosecution of Jason Ellsworth," and requested leave to deposit the File under seal with the court, asking the court to conduct an *in camera* review. Contemporaneously, Swanson also filed a separate Motion for Leave to Deposit Investigative File Under Seal. The motion reiterated that the County had filed a declaratory complaint "regarding dissemination of [CCJI]" related to the "investigative file of Jason Ellsworth," who the motion noted had been convicted in Broadwater County Justice Court of obstructing a peace officer in August 2021. The motion explained the County sought to "enable the Court's in camera review of the file for possible disclosure," that counsel for Ellsworth "opposes the filing of any Motion in this matter, stating that the matter is not ripe for filing because the deferred imposition of sentence means there is no final disposition in this case," and that the IR had not yet retained counsel and thus "reserves its position on this motion." Copies of the motion were sent by U.S. Mail to Ellsworth, his

counsel, and representatives of the IR and Montana Standard. The District Court granted the motion two days later, and the File was deposited with the court under seal.

¶4 On February 8, 2022, Ellsworth, through counsel David McLean, filed a brief in opposition to the release of the CCJI that confirmed his position on the matter as described in the motion by the County Attorney. Ellsworth noted he had received a conditional one-year deferred imposition of sentence, and that "[a]s such, this case has not been completed," citing § 44-5-303(5), MCA, in support. Ellsworth further argued that, consequently, "the Court should reject the release of any [CCJI] at this time and should analyze the release only upon completion of the deferred sentence." Ellsworth's brief acknowledged the need to balance the demands of individual privacy against the merits of public disclosure, but argued this consideration should be undertaken only after Ellsworth's sentence had been served and upon further briefing.

¶5 The District Court issued its Order Following In Camera Review on March 17, 2022. The court ruled that no prosecution was pending, Ellsworth's criminal case had been completed, and that § 44-5-303(5), MCA, permitted the declaratory action to now be brought and decided. Reasoning that "[t]he law is well-settled" and "[t]he facts of the case are not complex," the District Court ruled no further briefing was necessary. The District Court "assume[d] that, because of his objection, Ellsworth is asserting his expectation of privacy," and conducted the balancing analysis upon that assumption, beginning with a finding that Ellsworth had a subjective or actual expectation of privacy in the investigative information at issue. Considering whether society was willing to recognize this expectation

4

as reasonable, the District Court generally concluded that "Ellsworth occupies a position of public trust, and that the crime to which he pled guilty directly bears upon his position. An expectation of privacy in the investigation of these charges is unreasonable under these circumstances, and his individual privacy rights do not exceed the merits of public disclosure." Then, the District Court held that Ellsworth's privacy rights outweighed the public's right to know regarding certain information irrelevant to the subject charge and over twenty years old, and also required the redaction of other personal identification information.

¶6      Ellsworth appealed, and the District Court stayed its decision pending the appeal.

## STANDARD OF REVIEW

¶7      "We review a district court's conclusions of law to determine whether the court's interpretation of the law is correct." *Jefferson County v. Mont. Std.*, 2003 MT 304, ¶ 9, 318 Mont. 173, 79 P.3d 805.

## DISCUSSION

¶8      *Did the District Court err by ordering the dissemination of redacted confidential criminal justice information?*

¶9      Ellsworth first argues that the District Court proceeding was improper because Broadwater County's declaratory complaint was never served on either Defendant, and "neither defendant filed an Answer or other responsive pleading," referring to Ellsworth and the IR. Ellsworth thus argues he was denied procedural due process, including an opportunity to brief the merits of the privacy issue. He contends the procedure "constitutes reversible error" and that the case should be remanded for Broadwater County to "serve

5

the Complaint and an appropriate briefing schedule should be ordered." The IR and Broadwater County answer that these issues were forfeited because Ellsworth did not argue them before the District Court but that, in any event, the statutory process was properly followed, and Ellsworth appeared in the proceeding and presented briefing.[1]

¶10 To the extent Ellsworth's procedural arguments to the District Court implicated the proper process to be followed, § 44-5-303(5)(a), MCA, governs dissemination of CCJI and provides:

> If a prosecutor receives a written request for release of confidential criminal justice information relating to a criminal investigation that has been terminated by declination of prosecution or relating to a criminal prosecution that has been completed by entry of judgment, dismissal, or acquittal, or if the disclosure may be in the public interest, the prosecutor may file a declaratory judgment action with the district court pursuant to the provisions of the Uniform Declaratory Judgments Act, Title 27, chapter 8, for release of the information. The prosecutor shall:
>
> […]
>
> (iii) no later than the time of the filing of the declaratory judgment action:
>
> (A) *make reasonable efforts to provide notice* to a victim of the alleged offense and any person with a protected privacy interest in information contained in the confidential criminal justice information and any other individual who would be affected by release of the information of the request for release of confidential criminal justice information and the filing of the declaratory judgment action; and

---

[1] Ellsworth does not argue here, as he did in the District Court, that release of the CCJI was not a ripe issue because his criminal proceeding, culminating in a deferred imposition of sentence, had not been completed at the time the CCJI declaratory action was initiated. Instead, he argues that because the District Court contrarily held that his criminal proceeding had been completed by that time, the court should have then ordered additional briefing on the merits of the privacy issue.

(B)   provide notice that the person may file an objection to disclosure with the district court if the person believes a privacy interest that they possess exceeds the merits of public disclosure.

(Emphasis added.)  "The rules of statutory construction require the language of a statute to be construed according to its plain meaning.  If the language is clear and unambiguous, no further interpretation is required."  *Ravalli County v. Erickson*, 2004 MT 35, ¶ 11, 320 Mont. 31, 85 P.3d 772.

¶11    The Legislature has thus enacted a statutory procedure for dissemination of CCJI that incorporates a declaratory action under the Uniform Declaratory Judgments Act, but which also includes additional specific provisions.  Section 44-5-303(5)(a)(ii), MCA, authorizes a prosecutor to initiate an interpleader declaratory action and requires the naming as a defendant "anyone known to the prosecutor who has requested the [CCJI]."  A named defendant in a declaratory action would need to be served with process.  Here, the party who had requested the CCJI was not Ellsworth, but the IR, who has not contested service.[2]

---

[2] In its Motion for Leave to Participate and to Realign Parties, filed with this Court on May 5, 2022, the IR explained that it did not receive service of process in the proceeding and therefore did not participate before the District Court.  The IR offered that, "[d]espite these procedural snafus, the IR does not seek to disturb the District Court's ruling or waste judicial resources with dismissal and remand . . . .  The IR simply asks this Court for the opportunity to participate in this appeal by filing a response brief . . . as an appellee and as the real party in interest to the CCJI dispute."  Ellsworth objected to the IR's motion, arguing in his May 16, 2022, response that the IR "was aware of the issue" while it was pending before the District Court, and thus, "[u]nlike Ellsworth, the IR slept on its rights when it should have appeared."  This Court granted the IR's motion and modified the caption to reflect the proper alignment of the parties, including listing the IR as a defendant.  *See Order*, No. DA 22-0182, May 24, 2022.

¶12 Additionally, the statute requires the prosecutor to "*make reasonable efforts*" to notify specified other individuals "of the request for release of [CCJI] and the filing of the declaratory judgment action," including, as relevant here, "any person with a protected privacy interest in information contained in the [CCJI] and any other individual who would be affected by release of the information," both of which would potentially include Ellsworth. Section 44-5-303(5)(a)(iii)(A), MCA (emphasis added). While formal service of process upon these persons would certainly qualify as a "reasonable effort" at notification, the specific provisions of the CCJI statute do not require formal service to be routinely effectuated upon all such persons.

¶13 Here, after initiating the declaratory action on January 8, 2022, which generically named all persons with an interest in the release of the subject CCJI, the prosecutor undertook notification efforts that included—for purposes of this appeal, as related to Ellsworth—contact with Ellsworth's counsel prior to the filing of the motion for leave to deposit the CCJI with the District Court, which was reflected in the motion's declaration that Ellsworth's counsel opposed the motion on the ground "the matter is not ripe." Then the prosecutor mailed a copy of the motion, which described the contemporaneous filing of the declaratory action and its purpose, to Ellsworth and to Ellsworth's counsel. Thus, Ellsworth was given verbal and written notification of the declaratory action. Indeed, on February 8, 2022, Ellsworth filed a brief making procedural arguments in opposition to release of the CCJI.

¶14 Citing *Ravalli County*, and Justice Warner's concurring opinion therein, Ellsworth now contends he was not provided an opportunity to fully brief the release issue in the District Court. However, in *Ravalli County*, "[t]here was no briefing, no argument, and to paraphrase the county attorney, 'we'll just let the judge handle it from here.' In other words, Ravalli County simply wanted an advisory opinion." *Ravalli County*, ¶ 22 (J. Warner, concurring). The circumstances here are clearly distinguishable; after receiving verbal and written notice of the proceeding, Ellsworth was provided a full opportunity to participate and did so by filing a brief raising the issues of his choice. We conclude the prosecutor made the requisite reasonable effort to notify Ellsworth under § 44-5-303(5)(a)(iii)(A), MCA, that Ellsworth was given a proper opportunity to participate, and that his right to due process was not infringed.

¶15 Ellsworth next argues the District Court erred by ordering dissemination of Ellsworth's CCJI "without providing appropriate procedural safeguards," noting the limits on release of information discussed in *Jefferson County*. In answer, the Appellees contend that Ellsworth forfeited the issue by not making this argument to the District Court. Broadwater County argues Ellsworth "had the opportunity to state his position regarding whether or not the CCJI should be released. He failed that opportunity and did not state a position." The IR adds that Ellsworth "bet[] on his procedural argument" and failed to make a substantive objection in the District Court to release of the CCJI.

¶16 While "[w]e permit parties to bolster their preserved issues 'or make further arguments within the scope of the legal theory articulated to the trial court,' . . . we will not

9

review 'an entirely new legal theory." *State v. Brown*, 2022 MT 176, ¶ 30, 410 Mont. 38, 517 P.3d 177 (citation omitted); *see also Kostelecky v. Peas in a Pod LLC*, 2022 MT 195, ¶ 43, 410 Mont. 239, 518 P.3d 840 ("The manifest recharacterization of Kosteleckys' breach of contract claim on appeal as a claim for compensation for unprovided services in February 2017 is an entirely new and unpled theory of contract liability not encompassed within their originally pled claim."). Before the District Court, Ellsworth pursued a course of action seeking delay in consideration of the CCJI issue until his sentence had been served, and of requesting the District Court to exercise its discretion to permit additional briefing at that juncture. However, the District Court ruled that delay until the completion of Ellsworth's sentence was not required, a ruling Ellsworth does not contest on appeal, and declined to discretionarily grant further briefing on an issue about which it described the law as "well settled" and the facts as "not complex." The District Court understood from Ellsworth's briefing that he objected to release, and proceeded on the assumption that he claimed a privacy interest, which the court balanced against the right to know. It concluded that release of most of the CCJI was mandated, and restricted or redacted a small portion thereof, thus placing parameters on the release. We conclude the District Court neither erred on the law nor abused its discretion in the process it undertook.

¶17 Affirmed.

/S/ JIM RICE

We concur:

/S/ MIKE McGRATH
/S/ JAMES JEREMIAH SHEA
/S/ LAURIE McKINNON
/S/ DIRK M. SANDEFUR